**Josefa DELGADO, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–1663.**

United States Court of Appeals, Seventh Circuit.
Submitted Oct. 29, 1985.*
Decided Jan. 15, 1986.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

Ardwin E. Boyer and Donald A. Shapiro, Ltd., Chicago, Ill., for plaintiff-appellant.

Margaret Gordon, Asst. U.S. Atty., and Anton Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court affirming the decision of the Secretary of Health and Human Services (Secretary) to deny plaintiff's application for disability benefits. We affirm.

provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 14(f). No such state-ment having been filed, the appeal has been submitted on the briefs and record.

## I

On June 18, 1982, plaintiff, Mrs. Josefa Delgado, then sixty years old, applied for disability benefits, alleging that she had been disabled since January 1, 1982. A hearing was held before an Administrative Law Judge (ALJ). Mrs. Delgado was represented by an attorney as she has been throughout this litigation. The ALJ issued a written decision denying the application on the ground that Mrs. Delgado could still perform her past relevant work. *See* 20 C.F.R. § 404.1520(e). The Appeals Council denied review of that decision,[1] and, therefore, it is the final decision of the Secretary.

Mrs. Delgado next filed suit in federal district court pursuant to 42 U.S.C. § 405(g), seeking review of the Secretary's decision. Subsequently, the parties filed cross-motions for summary judgment and the district judge referred the motion to a magistrate. The magistrate, finding a lack of substantial evidence to support the Secretary's determination that Mrs. Delgado could return to her past relevant work, recommended that the case be remanded to the Secretary for a vocational assessment. *See* 20 C.F.R. § 404.1566(e). Plaintiff timely filed an objection to the magistrate's recommendation with the district judge, but she objected only to the remand not to the findings of the magistrate. The Secretary filed neither an objection to the magistrate's recommendation nor a response to plaintiff's objection. The district judge reviewed the *entire* record *de novo* and found that plaintiff was not disabled. The court chose not to follow the recommendation of the magistrate and instead granted the Secretary's motion for summary judgment thereby affirming the ALJ's decision. Plaintiff filed a timely appeal with this court. *See* Fed.R.App.P. 4(a)(1).

·On appeal, plaintiff raises two issues. First, plaintiff argues that the district judge acted improperly by making a *de novo* determination of the entire case instead of limiting himself to those portions of the magistrate's recommendations to which plaintiff objected. Second, plaintiff argues that the decision of the ALJ was not supported by substantial evidence and, therefore, this court should remand the case to the Secretary. For the reasons given below, we hold that no remand is necessary because the ALJ's decision was supported by substantial evidence.

## II

### A

Initially, plaintiff argues that the district judge's *de novo* determination exceeded the standard set by 28 U.S.C. § 636(b)(1)(C). Section 636(b)(1)(B) permits a district judge to designate a magistrate to conduct hearings and propose findings of facts and recommendations for the disposition of various motions and petitions including, as in this case, motions for summary judgment. Section 636(b)(1)(C) further provides that:

A Judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

Plaintiff apparently argues that the second sentence of the quoted passage has no effect independent of the first sentence; that is, the district judge can only accept, reject, or modify the objected-to findings or recommendations. Under plaintiff's interpretation of the statute, a district judge must automatically accept the magistrate's pro-

---

1. Mrs. Delgado requested a review before the Appeals Council and provided the Council with one additional piece of evidence, a one-page handwritten letter from Delgado's attending physician. On May 26, 1983, after considering the request and additional evidence, the Appeals Council denied the request and adopted the decision of the ALJ. This one-page handwritten letter from Mrs. Delgado's treating physician was not additional evidence which required the Appeals Council to review the record.

posed disposition if neither party makes an objection.[2]

■ We believe that the plaintiff's interpretation is wrong. Any ambiguity in the statutory language is certainly laid to rest by the legislative history and the case law. The passage under discussion was added to the Federal Magistrates Act by the 1976 amendments to that Act. A sentence similar to the first one was in the bill originally introduced in the Senate, but when it was reported by the Senate Judiciary Committee, that sentence had been deleted from the proposed amendments. The House, however, added the present first sentence to make clear that a *de novo* determination was mandatory when objections were made. Thus, the statute should be read as *permitting* modifications and *de novo* determinations by the district judge at all times but *mandating de novo* determinations when objections are raised. *See* H.R. Rep. No. 94–1609, 94th Cong., 2d Sess. 2–3 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162–63. *See also United States v. Raddatz,* 447 U.S. 667, 674–76, 100 S.Ct. 2406, 2411–12, 65 L.Ed.2d 424 (1980) (discussing the legislative history). The House also clearly stated that, under the statute, the judge always retains the power to make the final decision. "The judge is given the widest discretion to 'accept, reject or modify' the findings and recommendations proposed by the magistrate.... [T]he ultimate adjudicatory power over dispositive motions ... is exercised by a judge of the court after receiving assistance from and the recommendation of the magistrate." H.R.Rep. No. 94–1609 at 11, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 6171. *See Raddatz,* 447 U.S. at 676, 100 S.Ct. at 2412.

Case law has emphasized that under the Federal Magistrates Act the judge always retains authority to make the final determination. *See Thomas v. Arn,* —— U.S. ——, ——, 106 S.Ct. 466, 476, 88 L.Ed.2d 435 (1985); *Raddatz,* 447 U.S. at 682, 100 S.Ct. at 2415, quoting *Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976); *Taylor v. Oxford,* 575 F.2d 152, 154 (7th Cir.1978). Since the judge retains final authority, he "may freely reject the magistrate's recommendation," *Raddatz,* 447 U.S. at 685, 100 S.Ct. at 2417 (Blackmun, J., concurring), and, even when no objection was made, he may make a *de novo* determination. *Thomas,* —— U.S. at ——, 106 S.Ct. at 475; *Muhich v. Allen,* 603 F.2d 1247, 1252 (7th Cir.1979); *Webb v. Califano,* 468 F.Supp. 825, 828–29 (E.D. Cal.1979).

For these reasons, the district judge had the power to make a *de novo* determination. The order of the judge is the final and authoritative word in the district court.

**B**

■ In reviewing the decision of the Secretary, we and the district court are obliged to review all the evidence contained in the record. However, we must accept the findings of the Secretary if supported by substantial evidence; we may not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the Secretary. *See Garfield v. Schweiker,* 732 F.2d 605, 610 (7th Cir.1984). On the other hand, our review "must be more than an uncritical rubber stamp." *Garfield,* 732 F.2d at 610. We have a right to expect that "[t]he decision of the ALJ [will] be based on consideration of all relevant evidence," *id.,* and that the reasons for his

2. The question presently before us is different from the usual "waiver" question presented by 28 U.S.C. § 636(b). This more common question is whether a party waives its right to appeal the district court's decision when the party fails to object to the findings and recommendation of the magistrate. The majority of circuits have held that such failures to object will have some waiver effect. *See Thomas v. Arn,* —— U.S. ——, —— n. 4, 106 S.Ct. 466, 470 n. 4, 88 L.Ed.2d 435

(1985); *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1241 (7th Cir.1985). This circuit, however, has not yet decided that issue. *See id.* at 1240–42; *Garrison v. Heckler,* 765 F.2d 710, 712 n. 2 (7th Cir.1985). The question presently before us concerns not whether a party waives any right to appeal or object, but whether the court has the power to modify even when no objections are made.

conclusions will be stated in a manner sufficient to permit an informed review. *Id.*

█ The question before us is whether Mrs. Delgado could perform her past work. In making the initial determination, the ALJ had to compare the demands of plaintiff's past work with her existing physical and mental capacities. *See Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir.1984); *Garfield,* 732 F.2d at 609. Mere categorization of the work and the claimant's capacities is not enough; particulars of the job and the claimant's capacities must be considered. *See Strittmatter,* 729 F.2d at 509. The ALJ found that (a) the past relevant work was sedentary; (b) Delgado could perform sedentary work; and (c) Delgado could perform the particular sedentary work that her past job entailed. To affirm the ALJ's decision we must hold that the record contains substantial evidence to support these findings. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Scott v. Heckler,* 768 F.2d 172, 179 (7th Cir.1985), quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "Substantial evidence may be 'something less than the weight of the evidence.'" *Id.,* quoting *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

█ Although, if given the opportunity to decide the issue *de novo,* we might have reached a different conclusion than the ALJ, we cannot say that the ALJ's finding that Mrs. Delgado could perform her past relevant work was unsupported by substantial evidence. Additionally, the ALJ met the requirement of "articulat[ing] at some minimal level his analysis of the evidence." *Garfield,* 732 F.2d at 609.

For the reasons given above, the order of the district court granting defendant's motion for summary judgment is

AFFIRMED.