802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otha LEWIS, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 85-1478.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1986.
 
 Before KENNEDY and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Otha Lewis, has had no formal education and cannot read or write. In August 1982, Lewis suffered an accident. In connection with that accident, he filed with the Department of Health and Human Services ("HHS") an application for disability insurance benefits, claiming a disability beginning November 26, 1982. HHS denied his claim, initially and upon reconsideration. Lewis then requested and was granted a hearing before an ALJ. The ALJ denied Lewis's claim after a hearing, and the ALJ's decision became the final decision of the Secretary when the Appeals Counsel denied Lewis's request for review. On appeal to the federal district court, the matter was referred to a magistrate who issued a report recommending that the matter be remanded to the Secretary for further findings. Lewis filed objections to the magistrate's report; the Secretary did not. The district court declined to follow the recommendation contained in the magistrate's report, and affirmed the Secretary's denial of Lewis's claim. The district court denied Lewis's motion to reconsider, and Lewis now appeals to this court.
 
 
 2
 On appeal, Lewis argues (1) that the denial of his claim is not supported by substantial evidence, (2) that he is entitled to a presumption of disability because of his lack of education and his history of arduous physical labor, (3) that he is disabled by pain alone, and (4) that the Secretary's failure to file objections to the magistrate's report binds the Secretary to the magistrate's recommendations.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel, together with the record on appeal, we conclude that the Secretary's finding that Lewis was not disabled because he was not severely impaired is supported by substantial evidence. This conclusion necessarily disposes of Lewis's contention that he was disabled because of pain alone, because the Secretary cannot find a claimant to be disabled without first finding that the claimant's impairment is severe. Salmi v. Secretary, 774 F.2d 685 (6th Cir.1985). In addition, our conclusion disposes of Lewis's contention that he is presumed to be disabled under 20 C.F.R. S404.1562, which applies only when the claimant is "not working and [is] no longer able to work because of a severe impairment(s)," or that Lewis is presumed to be disabled under the "grid" at 20 C.F.R. part 404, subpart P, appendix 2, Sec. 202.01, which applies only to "an individual with a severe medically determinable physical or mental impairment(s)." 20 C.F.R. part 404, subpart P, appendix 2, 5200.00(a).
 
 
 4
 Finally, Lewis's contention that the Secretary's faaure to file objections to the magistrate's report binds the Secretary to the report is without merit. The district court may, without regard to whether any party has filed objections to the magistrate's Report and Recommendation, "accept, reject, or modify, in whole or in part, the findings or recom mendations made by the magistrate." 28 U.S.C. 5636(b)(1)(C); see Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986).*
 
 
 5
 Accordingly, we AFFIRM the decision of the district court affirming the decision of the Secretary.
 
 
 
 *
 This court's decision in United States v. Walters, 638 F.2d 947 (6th Cir.1981) is inapposite here since Walters deals with whether a party may appeal from a district court decision after failing to file objections to a magistrate's report