**Geannine WILLIAMS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 88 C 2403.**

United States District Court, N.D. Illinois, E.D.

Dec. 12, 1988.

Harriet Parker, Cook County Legal Assistance Foundation, Inc., Oak Park, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), plaintiff Geannine Williams filed this action seeking judicial review of defendant's denial of her application for Social Security disability benefits. Both Williams and defendant Otis R. Bowen, M.D., Secretary of the Department of Health and Human Services ("the Secretary"), have moved for summary judgment. For the reasons stated herein, the Secretary's motion for summary judgment is granted.

## FACTS

On August 6, 1986, Williams applied for Social Security disability benefits under the Supplemental Social Security Income ("SSI") program of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 et seq. Williams' application for benefits was based primarily on the hand injury she sustained in September 1970 while she was employed as a punch press operator. Operating a machine which had no safety guard, Williams severed the thumb and index finger on her left hand. Although her thumb and finger were subsequently reattached, the nerves could not be regenerated sufficiently to restore proper functioning of the hand. Williams complains that as a result of the accident she is unable to move or use her thumb and index finger, and she experiences numbness in her left arm. She also has arthritis. A 55–year–old woman with a high school education, Williams has remained unemployed since the accident. She is right-handed.

Williams' application for benefits was denied initially in September 1986 and again on reconsideration in January 1987. Williams then requested a hearing before an Administrative Law Judge (ALJ). The ALJ found that Williams was not entitled to SSI disability benefits. Considering Williams' residual function capacity, age, education, and past work experience, pursuant to 20 C.F.R. § 416.920(f), the ALJ concluded that Williams is not disabled because there are a significant number of jobs in the national economy, such as teach-

er's aide and messenger, which she could perform. The ALJ's decision was based in part on his determination that Williams' descriptions of her alleged symptoms, including pain, were not credible. The ALJ found such descriptions inconsistent and unrelated to the medical evidence. The Secretary adopted the ALJ's decision in January 1988.

## DISCUSSION

This court's task is simply to determine whether the ALJ's finding that Williams is not disabled is supported by substantial evidence. 42 U.S.C. § 405(g). *Walker v. Bowen,* 834 F.2d 635, 641 (7th Cir.1987). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a claim." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Delgado v. Bowen,* 782 F.2d 79, 83 (7th Cir.1986).

■ Williams advances three arguments to support her claim that the ALJ's nondisability determination is not supported by substantial evidence. The court finds each of these arguments is without merit. Williams first claims that the ALJ improperly rejected her complaints of pain and other symptoms as incredible. This argument fails because, as the ALJ pointed out, the medical record is not entirely in accord with Williams' version of her symptoms and pain. Given the numerous inconsistencies and contradictions in the record concerning the effects of Williams' condition, the ALJ's determination that Williams lacked credibility will not be disturbed. *See Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.1986) (ALJ's credibility determination must stand where it is not patently wrong).

Williams' second argument is that the ALJ failed to consider that she has lost use of her left arm as a result of arthritis. This contention is totally without merit. In the ALJ's decision, he conceded that Williams "is essentially a one-armed individual." Clearly, therefore, the ALJ took into account evidence that Williams cannot use her left arm.

■ Williams' final argument is that the record contains insufficient evidence to support the ALJ's finding that she can perform light work and, therefore, function as a messenger or teachers' aide. The court, however, finds that the ALJ had substantial evidence before him to support this conclusion. Dr. Richard Ringewald, one of Williams' treating physicians, reported that Williams could perform "moderate" physical activity. Dr. Marcelino Dagdagan, Williams' other treating physician, reported that Williams is able to sit, stand, move about, and carry objects. The doctors agreed that Williams' left hand and arm are "totally disabled" and "nonfunctioning." However, neither doctor specified how Williams' impairment limited her ability to perform physical tasks in any type of employment. Reviewing physician Albert Kwedar indicated that Williams is capable of "medium" work and that various jobs are available in which Williams can perform such work. The vocational expert, based on the assumption that Williams is capable of only "light" work, testified that Williams could perform the jobs of messenger and teachers' aide even though she is essentially a one-armed individual. This record, considered as a whole, contains substantial evidence to support the ALJ's finding that Williams could perform certain jobs entailing "light" work.

## CONCLUSION

For the foregoing reasons, the court finds that substantial evidence exists to support the Secretary's decision that Williams is not entitled to SSI disability benefits. Accordingly, that decision is affirmed. The Secretary's motion for summary judgment is granted.

IT IS SO ORDERED.