912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stanley M. CALLAHAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of the Department of Health and
Human Services, Defendant-Appellee.
 No. 89-3567.
 United States Court of Appeals, Seventh Circuit.
 Argued July 11, 1990.
Decided Aug. 24, 1990.
 
 Before WOOD, Jr., MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Stanley Callahan, appeals from the decision of the district court affirming the final decision of the Secretary denying his claim for Social Security disability benefits. After reviewing the decision of the district court as well as the record of the administrative proceedings, we have concluded that the district court properly determined that there is substantial evidence in the record to support the decision of the Secretary; therefore, we affirm the decision of the district court for the reasons stated in the attached memorandum opinion.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 Civil No. 88-4166
 Oct. 27, 1989
 MEMORANDUM AND ORDER
 FOREMAN, Chief Judge:
 
 4
 Before this Court is Magistrate Frazier's Report and Recommendation affirming the Secretary of Health and Human Services' decision to deny plaintiff's application for disability benefits. Plaintiff has objected to the Magistrate's Report and Recommendation on the grounds that: 1) is unsupported by substantial evidence and 2) numerous medical findings support plaintiff's claim that he can no longer work. Plaintiff requests that this Court disregard the Magistrate's Report and Recommendation and instead award the plaintiff the benefits he seeks. This Court will conduct a de novo review of the evidence in this case.
 
 
 5
 The Court is required to uphold the Secretary's factual determination if it is supported by substantial evidence based on the record as a whole. Bunch v. Heckler, 778 F.2d 396, 401 (7th Cir.1985); Davis v. Califano, 603 F.2d 618, 625 (7th Cir.1979). Substantial evidence is described as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Bunch, 778 F.2d at 399, 401; Taylor v. Schweiker, 739 F.2d 1240, 1241 (7th Cir.1984). The Court's function is not to reweigh the evidence, decide the facts anew, or substitute its judgment for that of the Secretary. Bunch, 778 F.2d at 399; Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986). Nevertheless, the Court should not act as an uncritical rubber stamp for the Secretary's decision. Delgado, 782 F.2d at 82.
 
 
 6
 A reviewing court must look at the entire record of the proceedings to determine whether there is substantial evidence supporting the Appeals Council's decision. The court should consider the following to aid its evaluation: the clinical findings of treating and examining physicians, the diagnoses of these physicians, the subjective evidence of pain and disability as testified to by the plaintiff and as observed by others, and the plaintiff's educational background, work history, and present age. Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir.1982). Both the evidence favoring the claimant as well as the evidence favoring the claim's rejection must be examined, since review of the substantiality of evidence takes into account whatever in the record fairly detracts from its weight. Stephens v. Heckler, 766 F.2d 284, 288 (7th Cir.1985), citing Universal Camera, 340 U.S. 474, 488, 72 S.Ct. 456, 464 (1951). If the record contains substantial evidence supporting the Secretary's findings, the Court has no choice but to affirm unless there has been an error of law. Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir.1984); Schmoll v. Harris, 636 F.2d 1146, 1150 (7th Cir.1980).
 
 
 7
 Plaintiff alleged at the hearing before the ALJ that he had a disability due to back problems which caused him debilitating pain and numbness. The ALJ found that the plaintiff suffered from degenerative and arthritic changes of the lower spine. Nevertheless, the ALJ determined that the plaintiff was exaggerating the degree of pain asserted and the ALJ concluded that the plaintiff was capable of performing his former work as a truck driver and forklift operator.
 
 
 8
 Plaintiff alleges that the Magistrate is unsupported by substantial evidence and is contrary to law. The Court construes plaintiff's contention as an implicit challenge to the Magistrate's finding that substantial evidence supported the Secretary's factual determination. Upon a full review of the record, the Court finds that substantial evidence supports the ALJ's determination that medical opinions and substantial evidence shows that the plaintiff could perform light and sedentary exertional activities as defined by proper regulations, 20 C.F.R. Sec. 404.1567(a) and (b).
 
 
 9
 The plaintiff's first contention is that the ALJ was wrong in his characterization of the type of work that the plaintiff was capable of performing and his reliance on the testimony of the vocational counselor. The Court finds no reason to disagree with the ALJ. The Secretary must assess each claimant individually in determining his ability to return to his previous work; this includes an analysis of how the work was actually performed in the plaintiff's circumstances, as opposed to how the occupation is performed generally by members of the national economy. See Pugh v. Bowen, 870 F.2d 1271 (7th Cir.1989); Veal v. Bowen, 833 F.2d 693, 697 (7th Cir.1987). The Secretary was within reasonable bounds in accepting the testimony of the vocational expert in evaluating plaintiff's ability to meet the exertional requirements of his former work, especially since the plaintiff did not introduce an expert to oppose this testimony.
 
 
 10
 The medical evidence considered by the ALJ reveals that the plaintiff stated that he injured himself at work in January, 1985 and has had continual back pain from that point on. The plaintiff saw Dr. Mussey who diagnosed the plaintiff's problem as partly due to degenerative changes in his back which pre-existed the injury, but also due to considerable wear of the L4-5 and L5-S1 facets of each side [of the back]. There was a possible slip of L4 forward on L5, and early spurring was seen. (A.R. 132).
 
 
 11
 Later in the same year, the plaintiff sought the opinion of Dr. Harms. Dr. Harms put the plaintiff through a battery of tests and got similar results as Dr. Mussey did. Dr. Harms recognized that the plaintiff would need to go through a period of rehabilitation, but stated that surgery would not be necessary and he thought that the plaintiff would be able to return to work. (A.R. 128). A third physician, Dr. Bilinsky, discovered evidence of degenerative disease of the lumbar spine. Further x-rays revealed degenerative changes in the lumbar spine area. (A.R. 153). The plaintiff subsequently disagreed with many of Dr. Bilinsky's findings. (A.R. 170).
 
 
 12
 The Plaintiff sought the opinion of a fourth physician, Dr. Lack, who believed the plaintiff was permanently disabled, and would not be a candidate for vocational rehabilitation. (A.R. 169). He found definite evidence of circulatory impairment in the lower extremities because of poor pulses and decreased microvascular circulation. A Dr. Massie filled out an inventory of the plaintiff's functional limitations, but noted that some of his conclusions are drawn directly from the statements of the plaintiff and had no medical support. (A.R. 180). Dr. Massie concluded that while the plaintiff would be impaired from activities involving lifting and carrying even moderate amounts of weight for prolonged periods of time, he felt that the plaintiff would not be impaired from activities involving moving machinery that required pushing or pulling actions. He indicated that the plaintiff could occasionally climb, stoop, crawl, kneel, or balance.
 
 
 13
 Federal law states that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. Sec. 405(g). Much of the plaintiff's arguments are based on information that he says that the Magistrate refused to consider, most notably, Dr. Sweet's report of January 10, 1986, and Dr. Lack's two subsequent reports, February 3, 1988 and July 19, 1988. This Court is obligated to look at the Secretary's decision with the information presented to him, unless certain criteria are met. Remand for consideration of additional evidence is appropriate only upon a showing that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review, and there is good cause for not introducing the evidence during the original administrative proceedings. Anderson v. Bowen, 868 F.2d 921, 927 (7th Cir.1989).
 
 
 14
 The sequence of events does not show that this test was met in this case. The plaintiff alleges no good cause reason whatsoever for not introducing Dr. Sweet's January 10 report into the record at the hearing. As for Dr. Lack's additional findings after the hearing, there is no evidence of the required "new and material" nature of the presented evidence that must be shown to merit a remand. The plaintiff simply has not met his burden.
 
 
 15
 Evidence which reflected the plaintiff's aggravated or deteriorating condition is not relevant in this case because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have historically declined to remand disability claims for reevaluation in light of proposed evidence of a deteriorated condition. Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir.1982). In this case, if new evidence has indeed emerged, the plaintiff is not without remedy. If in fact the claimant's condition has seriously degenerated, the appropriate remedy is to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 712 (6th Cir.1988).
 
 
 16
 The ALJ concluded, after a full hearing, that the plaintiff does not suffer from an impairment or combination of impairments which meets or equals the level of severity described in the Listing of Impairments. Furthermore, he concluded that the plaintiff's testimony as to the disabling effects of his medical problems were not credible, and his impairments do not prevent the performance of past relevant work as a truck driver or a forklift operator. He concluded that the plaintiff had not been under a "disability," as defined by the Social Security Act, at any time through the date of this decision.
 
 
 17
 The standard that this Court must used was stated by the Seventh Circuit Court of Appeals in Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987). Where conflicting evidence allows reasonable minds to differ as to whether the plaintiff is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ). Therefore, the question presented for review in this Court is not whether the plaintiff is disabled, but only whether the ALJ's finding of non-disability is supported by substantial evidence in the record. The Court feels the ALJ's decision is supported by substantial evidence.
 
 
 18
 Accordingly, the Court hereby ADOPTS the Magistrate's Report and Recommendation (Document 13) and AFFIRMS the Secretary's denial of disability insurance benefits.
 
 
 19
 IT IS SO ORDERED.