916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Peggy J. GRIFFITH, Plaintiff/Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant/Appellee.
 No. 89-3189.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 23, 1990.
 
 Before CUMMINGS and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Peggy Griffith was denied Social Security benefits on grounds that, although she suffered from rheumatoid arthritis,[1] she could still perform sedentary jobs that required limited bimanual dexterity. On appeal, the district court agreed with the magistrate's recommendation that Griffith is not totally disabled within the meaning of the Act. Griffith now appeals the district court's decision.
 
 
 2
 After careful review of the appellant's brief and the record, it is our conclusion that the district court did not err in finding that substantial evidence existed on which the ALJ could base its decision that Griffith was not totally disabled. Appellant focuses on the ALJ's decision to credit one doctor's medical report over another's and alleges that this was improper. As we have noted in the past, however, choosing between conflicting medical opinions is precisely the type of task that the ALJ is required to make. See Herr v. Sullivan, No. 89-3108, slip op. at 5-6 (7th Cir. Aug. 31, 1990); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987). Finding no error in the ALJ's analysis, we affirm on the basis of the reasoning in the district court's order (attached as Appendix A).
 
 APPENDIX A
 
 3
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 EVANSVILLE DIVISION
 PEGGY J. GRIFFITH Plaintiff
 
 4
 vs.
 
 
 5
 LOUIS W. SULLIVAN, M.D. Secretary of Health and Human
 
 Services Defendant
 CAUSE NO. EV 87-101-C
 ENTRY
 
 6
 Comes now before the Court the plaintiff's Objection to Magistrate's Proposed Decision. The plaintiff makes her objection pursuant to 28 U.S.C. Sec. 636(b)(1)(B) and (C) and Local Rule M-6.
 
 
 7
 The Court having reviewed the file, heard the arguments of counsel and being duly advised of the premises ACCEPTS the Magistrate's Proposed Decision and Memorandum of Decision.
 
 
 8
 IT IS SO ORDERED at Evansville, Indiana this 4th day of August, 1989.
 
 
 9
 /s/ Gene E. Brooks, Chief Judge
 
 United States District Court
 Southern District of Indiana
 
 10
 cc: Distribution to all counsel of record.
 
 MEMORANDUM
 
 11
 Comes now before the Court the plaintiff, Peggy J. Griffith, upon her objection to Magistrate's Proposed Memorandum Decision. The plaintiff makes her objection pursuant to 28 U.S.C. Sec. 636(b)(1)(B) and (C) and Local Rule M-6. This Court's review of the Magistrate's Decision is de novo.
 
 
 12
 The plaintiff is asserting that the "Magistrate overlooked and the Secretary misapplied 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 201.00(h), example 1." That example applies to individuals who are limited to sedentary jobs and do not have the ability to perform work requiring bilateral manual dexterity. It is undisputed that the plaintiff herein is limited to sedentary work. Accordingly, for the Magistrate to have overlooked and the Secretary to have misapplied the alleged Regulation a finding that the plaintiff did not have manual dexterity accompanied by a "not disabled" conclusion would have to have occurred. On the contrary, the Secretary specifically found that the plaintiff has, although limited, manual dexterity. Subsequently, the Magistrate found that substantial evidence existed to affirm the Secretary's decision. This Court agrees with and accepts the Magistrate's Proposed Decision.
 
 
 13
 The Court agrees with the Magistrate's Conclusion that we may not substitute our opinion for that of the ALJ's. Although district courts are not to act as "uncritical rubber stamps" of agency decisions, the Secretary's decision is to be affirmed if substantial evidence exists to support the decision. See, Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986).
 
 
 14
 The issue herein is whether substantial evidence exists in the record to support the conclusion that the plaintiff does possess fine finger dexterity. The ALJ did have conflicting medical evidence on this issue, as the Magistrate stated. The ALJ did not overlook the testimony of Dr. West, whose report was favorable to plaintiff; rather, the ALJ specifically chose to accept the conclusions of Dr. Eby. In addition to the evidence that the Magistrate emphasized at pp. 4-5 of his opinion, this Court also notes p. 204 of the record where Dr. Eby found that his "musculoskeletal exam shows full active and passive range of motion in the joints of the upper and lower extremeties." The decision to choose between conflicting medical reports rests with the ALJ and will not be disturbed on appeal unless unsupported by substantial evidence. See, Strunk v. Heckler, 732 F.2d 1357, 1362 (7th Cir.1984). This being true, plaintiff does not fall into example 1 of 20 C.F.R., Part 404, Subpart B, Appendix 2, Section 201.00(h). The Magistrate's Proposed Decision is ACCEPTED in full.
 
 
 15
 IT IS SO ORDERED at Evansville, Indiana this 4th day of August, 1989.
 
 
 16
 /s/ Gene E. Brooks, Chief Judge
 
 United States District Court
 Southern District of Indiana
 
 17
 cc: Distribution to all counsel of record.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 As originally presented, Griffith alleged that she was disabled due to arthritis, angina, high blood pressure, kidney disease and "nerve problems." As the case proceeded, however, the focus came to rest on Griffith's arthritis condition. She does not allege that error was committed in finding that she was not disabled by her other medical conditions, alone or in concert with the arthritis