**HARLYN SALES CORPORATION PROFIT SHARING PLAN and Harry Goodstadt, individually and on behalf of all those similarly situated, Plaintiffs,**

v.

**INVESTMENT PORTFOLIOS–GOVERNMENT PLUS FUND, Kemper Financial Services, Inc., Kemper Financial Companies, Inc., Kemper Corporation and Frank Collecchia, Defendants.**

No. 90 C 1220.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1992.

Patrick Edward Cafferty, Harvin A. Miller, Miller, Faucher, Chertow, Cafferty & Wexler, Chicago, Ill., Stanley R. Wolfe, Berger & Montaque, P.C., Alvin J. Ivers, Alvin J. Ivers, P.C., Philadelphia, Pa., for plaintiffs.

Martin M. Ruken, Steven G. Rudolf, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant Inv. Portfolios Government Plus Fund.

Joan M. Hall, Sidney I. Schenkier, James Kevin McCall, Douglas Alan Graham, Jenner & Block, Chicago, Ill., for defendants Kemper Financial Services, Inc., Kemper Financial Companies, Inc., Kemper Corp., and Frank Collecchia.

## ORDER

NORGLE, District Judge.

Before the court are the objections of plaintiffs' counsel, Marvin A. Miller, Pat-

rick Cafferty, and Stanley R. Wolfe (collectively "plaintiffs' counsel"), to the magistrate judge's Report and Recommendation ("Report") recommending Rule 11 sanctions. For reasons stated below, the court rejects the recommendation and denies defendants' motion for sanctions.

## FACTS

Plaintiffs Harlyn Sales Corporation Profit Sharing Plan and Harry Goodstadt filed a two-count securities fraud action individually and on behalf of similarly situated investors against defendants Investment Portfolios–Government Plus Fund, Kemper Financial Services, Inc., Kemper Financial Companies, Inc., Kemper Corporation, and Frank Collecchia. Count I alleged violations of 15 U.S.C. §§ 78j(b), 78t(a) and 17 C.F.R. § 240.10b–5 (known as SEC Rule 10b–5). Count II alleged violations of 15 U.S.C. §§ 77k, 77o. Plaintiffs' counsel premised the complaint upon allegedly misleading literature (sales literature, a registration statement, and a prospectus) persuading investors to invest in the Government Plus Portfolio mutual fund. Allegedly, the literature for these securities promised a high current yield coupled with a return of principal upon redemption, without disclosing a material fact: to maintain the promised high income payments, the monthly dividend check might include a portion of principal.

The court referred all pretrial matters in the case to the magistrate judge. In September 1991 this court adopted in its entirety a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) which recommended granting defendants' motion to dismiss. The court found that the defendants' literature did not promise a high yield and thus failed to contain any actionable misrepresentations as a matter of law, and

that the information defendants failed to disclose was not material. The court further found the plaintiffs lacked an injury.

Defendants then filed a motion requesting the imposition of sanctions pursuant to Fed.R.Civ.P. 11 which this court also referred to the magistrate judge. On May 27, 1992, the magistrate judge issued an eight-page Report (attached as Exhibit A) concluding that plaintiffs' counsel's allegations were not well grounded in fact and there existed no legal basis upon which to bring a claim. The magistrate judge thus recommended that the court impose sanctions under Rule 11 in the amount of $30 thousand. Plaintiffs' counsel filed objections to this recommendation requesting a *de novo* review.

## DISCUSSION

Parties are well advised to pay particularly close attention to the standard of review mandated under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72 and to the characterization of motions a magistrate judge determines. A magistrate judge possesses authority to enter orders involving nondispositive motions which the district judge reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Dispositive motions, on the other hand, are excepted under subsection (b)(1)(A) and are thus reviewed *de novo* after a hearing and recommendation by the magistrate judge. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). The magistrate judge in the present case issued a Report guided by Rule 72(b) and plaintiffs' counsel have treated the matter under Rule 72(b). Nonetheless, the correct standard of review upon the submission of a report and recommendation on a motion for Rule 11 sanctions is unsettled.[1] But

1. Is a Rule 11 motion "dispositive" or "nondispositive"? Although 28 U.S.C. § 636(b)(1)(B) does not include Rule 11 motions in its exhaustive list of "dispositive" motions, some courts have treated Rule 11 motions as "dispositive." *See, e.g., Ophir v. Goldstein,* No. 86 Civ. 2963 (WK), 1991 WL 82038, 1991 U.S.Dist. LEXIS 141 (S.D.N.Y. Jan. 9, 1991) (adopting magistrate judge's recommendation for Rule 11 sanctions after *de novo* review); *see also Borowski v. De-Puy, Inc.,* 850 F.2d 297, 304 (7th Cir.1988) (Sev-

enth Circuit affirmed Rule 11 sanctions entered after district judge's *de novo* review; court did not discuss the propriety of this standard). The First Circuit evaded the issue. *See Lancellotti v. Fay,* 909 F.2d 15, 17 n. 2 (1st Cir.1990) (all parties acceded to *de novo* review; thus court would not confront the question). The Ninth Circuit, however, has determined that Rule 11 motions are "nondispositive" and fall under the deferential "clearly erroneous" standard of re-

because defendants have not objected to the *de novo* standard of review plaintiffs' counsel requested, the court deems the issue waived and will review the matter *de novo*. See *Lancellotti v. Fay*, 909 F.2d 15, 17 n. 2 (1st Cir.1990) (all parties acceded to *de novo* review).

■ After a *de novo* determination upon the record, the district court may accept, reject or modify the recommended decision. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). In making this decision, the judge must look at all the evidence contained in the record and retains final authority over the determination of the dispositive motion. *Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986). The court has completely reviewed the Report and arguments of counsel. The court finds that Rule 11 sanctions are not appropriate under the circumstances.

■ Rule 11 requires an attorney or party to sign all papers filed before this court. Fed.R.Civ.P. 11. The signature acts as a certificate that the pleadings, to the best of the attorney's knowledge, are "well grounded in fact and warranted by existing law or a good faith argument for extension, modification, or reversal of existing law," and that the attorney did not file the pleading "for any improper purpose." *Id.* The imposition of sanctions is mandatory once the district court finds a violation of Rule 11. *F.D.I.C. v. Tekfen Constr. & Installation Co.*, 847 F.2d 440, 443 (7th Cir.1988). But all aspects of the determination are within the discretion of the district court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). The main objective of Rule 11 is not to reward the victim of sanctionable conduct but to deter baseless filings and curb abuses. *Business Guides, Inc. v. Chromatic Communications, Enters., Inc.*, — U.S. —, —, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991).

■ To determine whether an attorney's conduct violated Rule 11, the court employs an "objectively reasonable standard." *Thompson v. Duke*, 940 F.2d 192, 195 (7th Cir.1991). An attorney is shielded from the sanctions of the rule if (1) a "reasonable inquiry" is made into both fact and law; (2) the pleading is submitted in good faith without an intent to harass; (3) the legal theory asserted is objectively "warranted by existing law or a good faith argument" for extension or modification of the law; and (4) the complaint is "well grounded in fact." *Id.* at 195 (quoting *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir.1987)).

[8] The court finds the complaint was sufficiently grounded in fact and warranted by a good faith argument for extension of existing law to make Rule 11 sanctions unwarranted. First, plaintiffs' counsel's factual and legal inquiry was reasonable. Plaintiffs' counsel submitted by way of affidavit, and this court accepts, that a six-month investigation was conducted prior to the filing of the complaint. Second, the defendants do not contend, and the magistrate judge did not find, that plaintiffs' counsel filed the cause of action in bad faith or for an improper purpose.

Third, the theories plaintiffs' counsel asserted were objectively good faith arguments for the extension of the law. Plaintiffs' counsel's arguments concerning the interpretation of the cases relied upon for their position, although not adopted by the court, were not "preposterous." See *Thornton v. Wahl*, 787 F.2d 1151, 1153–54 (7th Cir.) (sanctions imposed for counsel's preposterous position), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986). Plaintiffs' counsel supported their loss causation theory with authority and this court cannot conclude that their arguments were unrealistic. Plaintiffs' counsel attempted to persuade the court to stretch the loss causation theory to cover plaintiffs' predicament, e.g., that the deferred

---

view. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747–48 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991); *accord La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, No. 86 C 2647, 1992 WL 58760 at

*1, 1992 U.S.Dist. LEXIS 2802 at *1–2 (N.D.Ill. Mar. 12, 1992). Because the court deems the matter waived it will not resolve the matter here.

sales charge imposed will create a loss if they redeem their shares less than seven years after the purchase of the securities.

Fourth, although the magistrate judge determined that it should have been apparent from the investigation that the literature did not contain any "promises," plaintiffs' counsel did not ground the complaint on explicit "promises" in the literature. The plaintiffs' theory centered around the message generated from the literature as a whole coupled with the failure to disclose what they believed, and what their investigation seemed to indicate, was material. Plaintiffs contended that the defendants represented that they were seeking a goal of a current maximum return but did not disclose that one of its methods of achieving this return was a return of a portion of an investor's principal. Plaintiffs' counsel supported their allegations with examples of the various literature upon which they relied. These samples adequately supported the contention that the literature created an impression that investors would receive a current maximum return.

The court is concerned Rule 11 sanctions in this case may only serve to chill zealous lawyering. Merely because plaintiffs' case proved to be weak, plaintiffs' counsel should not be reprimanded for trying to protect their clients' interests. The court will not impose sanctions on a party merely for losing its case on the pleadings. *See Ring v. R.J. Reynolds Indus., Inc.*, 597 F.Supp. 1277, 1281 (N.D.Ill.1984), *dismissed without opinion and aff'd without opinion*, 804 F.2d 143 (1986). In sum, the court finds that Rule 11 sanctions are inappropriate in the present situation.

### CONCLUSION

For the reasons stated above, the court rejects the magistrate judge's recommendation and denies defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11.

IT IS SO ORDERED.