**Thomas BESBEAS, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. 94 C 7493.**

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 26, 1995.

Thomas Richard Nash, Thomas R. Nash, P.C., Chicago, IL, for plaintiff.

Carole Judith Ryczek, Asst. U.S. Atty., United States Attorney's Office, Chicago, IL, for defendant.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court are the parties' cross-motions for summary judgment. Plaintiff

---

Thomas Besbeas brought this action pursuant to the Social Security Act ("Act"), 42 U.S.C. §§ 405(g), 1383(c)(3) (1994), for review of the decision of the Commissioner of Social Security ("Commissioner")[1]. The Administrative Law Judge ("ALJ") determined that Plaintiff received an overpayment of $6,182.00 in Supplemental Security Income ("SSI"), that he was not "without fault" in accepting that overpayment, and, therefore, that his request for waiver of overpayment would be denied. The Appeals Council affirmed that decision on October 17, 1994. For the reasons stated below, the court affirms the decision of the Appeals Council and the ALJ.

## I. *Background*

■ The parties do not dispute the facts in this case. Plaintiff applied for SSI in June 1987. It was not until January 1989 that his application was approved. At that time, because of the delay in approval, Plaintiff received a check for retroactive benefits in the amount of $6,678.67. In addition, a Notice of Change in Payment ("Notice") was sent to Plaintiff, stating:

> We are sending you a Supplemental Security Income check for $6,678.67 in January 1989. We will not count the part of this money which was due for back payments as your resource for 9 months. *If the money is not spent before November 1, 1989, we will count any money left over as part of your resources....* In 1989, you cannot get SSI if the resources we count have a value of more than $2,000.00.

(Commissioner's Mem.Supp.Mot.Summ.J. at 6 (emphasis added).)

Plaintiff deposited the retroactive payment in a savings account. From January 1989 to February 1991, Plaintiff maintained that savings account with a balance of over $2,000, the resource limit for determination of SSI eligibility. *See* 20 C.F.R. §§ 416.1240(a), 416.1324(a)(1) (1993). In addition to the retroactive payment, Plaintiff received monthly SSI payments totalling $6,182.00 between January 1989 and February 1991. Plaintiff received the November 1989 to February 1991 payments despite his savings account, which amounted to resources in excess of $2,000.

In March 1991, Plaintiff received an overpayment notice. The agency had concluded that Plaintiff was overpaid by the November 1989 to February 1991 payments ($6,182.00) because Plaintiff had resources (namely, the savings account) of greater than $2,000 during those months.[2] Plaintiff then applied for a waiver of overpayment.

On March 16, 1993, the ALJ determined that Plaintiff was not "without fault" in accepting the $6,182.00 and, therefore, that waiver was inappropriate. On October 17, 1994, the Appeals Council affirmed that portion of the ALJ's determination.

As of September 1991, Plaintiff had "spent down" the savings account to $257.63. Plaintiff has received monthly SSI payments since August 1991. Currently, those payments are reduced by $45.00 per month to permit recovery of the overpayment. In addition, Plaintiff has been receiving food stamps since June 1992.

## II. *Discussion*

Under 42 U.S.C. §§ 405(g), 1383(c)(3) (1994), the court must uphold the ALJ's decision on review so long as the record provides substantial evidence for the ALJ's findings. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir.1993); *see also Kahn v. U.S. Secretary of Labor*, 64 F.3d 271, 275–76 (7th Cir.1995). Substantial evidence may be somewhat less than a preponderance of the evidence. *Delgado v. Bowen*, 782 F.2d 79, 83 (7th Cir. 1986). The court may not determine the facts anew, weigh the evidence again, or sup-

---

1. Plaintiff originally named Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this case. Pub.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, transferred the function of the Secretary of Health and Human Services in Social Security cases to the Commissioner of Social Security as of March 31, 1995. Accordingly, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala as Defendant to the instant action.

2. Plaintiff's savings account also generated modest interest income. Because the Commissioner determined that overpayment in the amount of the interest should be waived, that amount is not in dispute.

plant the judgment of the ALJ with its own. *See id.* at 82.

■ In order for this court to uphold the ALJ's decision, the ALJ must have articulated her analysis at some minimal level. *Delgado,* 782 F.2d at 83. The evidence need not compel the ALJ's conclusion; rather the evidence must simply support that conclusion. *See Walker v. Bowen,* 834 F.2d 635, 639–40, 642 (7th Cir.1987).

Under the SSI guidelines, an individual does not qualify for SSI benefits if his non-excludable resources exceed $2,000. 42 U.S.C. §§ 1382(a)(1)(B), (2)(B); 20 C.F.R. §§ 416.1205 (1995). Unspent portions of Title II retroactive payments are included in calculating resources. 20 C.F.R. § 416.1233 (1989). However, here, the retroactive payments made in January 1989 were excluded from this calculation for nine months from the date of payment. *Id.* Accordingly, Plaintiff's Notice included the statement that the retroactive payment would not be counted for the nine-month grace period when determining his eligibility for benefits.

Benefits are suspended when resources exceed the $2,000 limit. 20 C.F.R. §§ 416.1240(a), 416.1324(a)(1) (1993). Thus, because his resources exceeded the allowable limit, Plaintiff should not have received benefits after the expiration of his nine-month grace period. Nevertheless, Plaintiff accepted payment, after the grace period, from November 1989 to February 1991 (when his benefits were suspended). Plaintiff was not entitled to those benefits. Thus, the benefits constitute an overpayment.

Plaintiff did apply for a waiver of the overpayment. A two-prong test applies to answer whether waiver of overpayment should be granted. Waiver of overpayment may be granted if (1) the payee was "without fault" in connection with the overpayment *and* (2) recovery would (a) defeat the purpose of the Act based on the payee's financial circumstances, (b) be against equity and good conscience, or (c) impede effective administration due to the nominal dollar amount at issue. 20 C.F.R. § 416.550 (1995). Where recovery deprives an innocent payee of income required for necessary and ordinary living expenses, such recovery defeats the

purpose of the Act. 20 C.F.R. § 416.553 (1994). Recovery runs contrary to equity and good conscience where an innocent payee has changed position in reliance on the overpayment. 20 C.F.R. § 416.554(a) (1994). Nominal dollar amounts are measured by the average administrative cost of the recovery process. 20 C.F.R. § 416.555 (1994).

To establish the first prong of the waiver test, the payee must meet the burden of showing initially that he was "without fault" in obtaining the overpayment. *See Heins v. Shalala,* 22 F.3d 157, 162–63 (7th Cir.1994). "Fault" includes acceptance of a payment that one knew or *could have been expected to know* was incorrect. 20 C.F.R. § 416.552 (1994). Determination of "fault" must include consideration of a payee's individual circumstances such as age, intelligence, education, and physical or mental impairments. *Id.* This is a subjective test.

In the instant case, the record contains substantial evidence to support the ALJ's determination that Plaintiff did not meet his burden of showing that he was "without fault". The Notice, set forth above, states in plain language that the retroactive payment had to be "spent down" below the resource limit within the nine-month grace period. In addition, Plaintiff discussed the SSI program with an agency representative.

Moreover, Plaintiff is a high-school graduate. One having such qualification is presumed to possess the reasoning, math, and language skills acquired through formal education at the twelfth-grade level or above. 20 C.F.R. § 416.964(b) (1994). Although, as the Commissioner acknowledges, the grade-level completed may not reflect a claimant's actual skills, *id.,* Plaintiff here admits that he has no reading or writing difficulties. In addition, Plaintiff acknowledged that he would have been able to contact the agency if he had any questions concerning his benefits.

Still, Plaintiff argues that he was "without fault" in failing to "spend down" his savings account because he did not understand "how it worked." He alleges that he did not understand the plain language of the Notice and that he was not otherwise notified of the $2,000 resource limit, despite meetings with

agency representatives. Plaintiff contends that better efforts should have been made to assure his understanding of the rules. However, Plaintiff should not profit from his own failure to investigate his responsibilities under the benefit plan.

The court concludes that the substantial weight of the evidence supports the ALJ's finding that Plaintiff knew, or could have been expected to know, of the impropriety of the November 1989 to February 1991 payments. Thus, Plaintiff was not "without fault" in connection with the overpayment. *See* 20 *C.F.R.* § 416.552 (1994).

Where a payee is not "without fault" (and, therefore, fails to meet the first prong of the waiver analysis), the analysis is complete and waiver will not be granted. It is irrelevant that Plaintiff may have been able to satisfy the second prong. *See Samuss v. Sullivan,* 972 F.2d 352 (7th Cir.1992) (payee was not "without fault" despite her misunderstanding caused by mental disability).[3]

When excess benefits have been paid, future payments may be adjusted to recover that overpayment. 42 U.S.C. § 1382(b)(1) (1995). Accordingly, the Commissioner may continue to withhold $45.00 per month from Plaintiff's benefit check in order to recover the overpayment.

### III. *Conclusion*

In sum, the ALJ's decision to deny Plaintiff's application for waiver of recovery of the overpayment was not against the substantial weight of the evidence. The Commissioner's Motion for Summary Judgment is granted. Plaintiff's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

---

3. In his rather impertinent memorandum, Plaintiff asserts that the court should "[f]orget for a moment about what ... should have ... happened, and look at what the man *did* to himself." Here, Plaintiff seems to concede his own "fault" vet still argue that the court should disregard that "fault" because Plaintiff's failure to comply with regulations deprived Plaintiff of the overpayment. (Plaintiff's Mem.)