UNITED STATES of America, Plaintiff,

v.

John WARDA, Defendant.

No. 96–CR–13.

United States District Court,
E.D. Wisconsin.

March 25, 1996.

Paul L. Kanter, Assistant United States Attorney, Milwaukee, WI, for Plaintiff.

Waring R. Fincke, West Bend, WI, for Defendant.

## DECISION AND ORDER

WARREN, District Judge.

Before the Court is the Recommendation of Magistrate Judge William E. Callahan, Jr. on the defendant's Motion to Dismiss Superseding Indictment. On March 15, 1996, Magistrate Judge Callahan recommended that the defendant's Motion to Dismiss be · denied. On March 20, 1996, the defendant filed an Objection to the Magistrate Judge's Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 13.03 requesting a *de novo* review of the Magistrate Judge's decision. For the following reasons, this Court adopts Magistrate Judge Callahan's Recommendation and the defendant's Motion to Dismiss is DENIED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On February 6, 1996, a federal grand jury sitting in the Eastern District of Wisconsin returned a one-count superseding indictment against the defendant, John Warda, charging him with escaping from the Ozaukee County Jail in violation of Title 18, United States Code, Section 751(a) where he was being held by virtue of his lawful arrest for a felony offense, conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846. The defendant was arraigned on February 15, 1996, before Magistrate Judge Callahan and pleaded not guilty. On February 22, 1996, the defendant filed a motion to dismiss the superseding indictment on the grounds that it constitutes a successive prosecution and subjects the defendant to multiple punishments in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. On March 4, 1996, the government responded to the defendant's motion to dismiss. On March 15, 1996, the Magistrate Judge issued a Recommendation now under review by this Court.

By way of brief factual background, on August 31, 1994, the defendant escaped from the Ozaukee County Jail where he was being held awaiting sentencing on a federal drug conspiracy charge. After his escape, the defendant was arrested in Mexico and was extradited back to the United States. The defendant arrived in the Eastern District of Wisconsin on January 11, 1996, and was returned to the Ozaukee County Jail where he currently remains in custody. Pursuant to Ozaukee County Jail procedures, correctional officers initiated disciplinary proceedings against the defendant for the following violations of internal jail rules and regulations: (1) escape, (2) possession of contraband, (3) being unsanitary, (4) extortion/blackmail and/or protection, (5) destruction of jail property and (6) offering a staff member a bribe. Each of these charges related to the August 31, 1994 escape. On January 12, 1996, the defendant was afforded a due process hearing regarding these charges, was found to have substantially violated jail rules, and consequently, received a ten-day suspension of jail privileges for each violation. As a result,

the defendant's visitation, commissary, recreation and telephone privileges were suspended for 60 days, although the defendant was allowed access to his attorney and received essential medical and personal hygiene items. The defendant appealed the decision through the proper administrative channels, however, the decision was affirmed on January 18, 1996. The defendant claims that the disciplinary sanctions imposed on him by officials at the Ozaukee County Jail preclude prosecution of the federal escape charge on double jeopardy grounds.

## II. *STANDARD OF REVIEW*

■ A district court must review *de novo* the recommendations of the Magistrate Judge to which either party timely objects. 28 U.S.C. § 636(b)(1)(C); *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2410–12, 65 L.Ed.2d 424 (1980). The court may review *de novo* any other aspect of the Recommendation as it sees fit. *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir.1986) ("[T]he statute should be read as permitting modifications and *de novo* determinations by the district judge at all times but *mandating de novo* determinations when objections are raised.") (emphasis in original) (citations omitted). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). In the absence of such objections, the court need not make any review, however "the better practice" is to afford "some level of review" to dispositive issues, even though a de novo determination is not required. *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.), *cert. denied,* 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987). The court may adopt the Recommendation in its entirety, or in part; the court retains final authority of judgment in the case. *Delgado,* 782 F.2d at 82.

## III. *ANALYSIS*

■ The Double Jeopardy Clause provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb" and rests on the premise that an individual should not be required to defend himself more than once against charges based on the same alleged criminal conduct.

*Abbate v. United States,* 359 U.S. 187, 198–99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959) (opinion of Brennan, J.). Moreover, the Double Jeopardy Clause has been interpreted to protect an individual from three types of abusive prosecution: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Penny,* 60 F.3d 1257, 1261–62 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996) (citations omitted).

■ The defendant argues that the superseding indictment constitutes a successive prosecution for the same offense after conviction as well as an attempt to impose multiple punishments for the same offense, and therefore, violates the Double Jeopardy Clause of the Fifth Amendment. As the Magistrate Judge correctly noted and the defendant acknowledged, the United States Court of Appeals for the Seventh Circuit has explicitly rejected defendant's argument. *See Garrity v. Fiedler,* 41 F.3d 1150 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1420, 131 L.Ed.2d 303 (1995). In *Garrity,* the Seventh Circuit held that prison disciplinary proceedings covering the same conduct alleged in a later criminal prosecution do not amount to a violation of the Double Jeopardy Clause. *Garrity,* 41 F.3d at 1152–53.

The facts and procedural background underlying *Garrity* are somewhat similar to the instant case. In *Garrity,* a prisoner was caught passing a note to a visitor, which discussed plans for several burglaries. Prison officials initiated disciplinary proceedings against the prisoner for violating institutional regulations. The prisoner received a hearing and was found guilty of violating prison regulations and was consequently placed on adjustment segregation. This action did not increase the prisoner's sentence beyond that originally imposed. Subsequently, the State of Wisconsin charged the prisoner with soliciting the commission of a felony, in violation of Wis.Stat. § 939.30, a crime arising out of the same conduct which resulted in the prisoner being placed in segregation. The prisoner pled guilty to this offense and was sentenced to three years incarceration. In

keeping with prior precedent and other circuit court decisions, the Seventh Circuit held that "prison discipline does not preclude subsequent criminal prosecution or punishment for the same acts." *Id.* at 1152. As the Magistrate Judge correctly noted in the Recommendation, the Seventh Circuit stated:

> Prison administrators must have the ability to discipline a prisoner for violating institutional regulations, and the State must have the ability to prosecute the prisoner for the same conduct at a later date; ... The prison disciplinary process determines whether the defendant has violated the conditions of his incarceration and is designed to maintain institutional security and order. A criminal prosecution is designed to punish the defendant for a violation of the criminal laws.

*Id.* at 1153. Thus it is well settled law in the Seventh Circuit that administrative punishment imposed by correction officials does not render a subsequent criminal prosecution violative of the Fifth Amendment prohibition of double jeopardy. *See United States v. Shapiro,* 383 F.2d 680, 683 (7th Cir.1967). However, the defendant argues that recent Supreme Court precedent has overruled, *sub silentio Garrity v. Fiedler.* The Court disagrees.

■ Recent Supreme Court precedent indicates that under certain limited circumstances parallel civil and criminal proceedings for the same offense may violate the Double Jeopardy Clause's prohibition against successive punishments. *See Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, ——, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994) (holding that a tax on possession of illegal drugs assessed after the government had imposed a criminal penalty for the same conduct constituted a violation of the Double Jeopardy Clause); *Austin v. United States,* 509 U.S. 602, 617, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993) (holding that the Eighth Amendment's excessive fines clause applies to *in rem* civil forfeiture proceedings); *United States v. Halper,* 490 U.S. 435, 443, 109 S.Ct. 1892, 1899, 104 L.Ed.2d 487 (1989) (holding that the Double Jeopardy Clause prohibits post-conviction civil forfeiture proceedings where

the forfeiture cannot be fairly characterized as remedial). The underlying facts of the instant case are quite different from *Halper, Austin* and *Kurth.* Moreover, the reasoning behind the triad of *Halper, Austin* and *Kurth* is inapplicable to the prison context. It is clear to the Court that administrative proceedings designed to ensure the effective functioning of prisons and criminal proceedings serve different purposes. The defendant, herein, violated prison regulations by escaping as well as committed a criminal offense resulting in two unrelated proceedings. The prison disciplinary procedures initiated against the defendant do not constitute a prior prosecution for the same offense, and the government is not precluded from punishing the defendant for the same offense. Therefore, the Court adopts the Recommendation of Magistrate Judge Callahan and the defendant's Motion to dismiss the superseding indictment is **DENIED.**

## IV. *CONCLUSION*

After a careful review of the entire record and applicable law, the Court adopts the Recommendation of Magistrate Judge Callahan and the defendant's motion to dismiss the superseding indictment is **DENIED.**

**SO ORDERED.**