James Ray CLARK, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services,* Defendant–Appellee.

No. 88–3348.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1989.

Decided Dec. 11, 1989.

Andrew P. Sheff (argued), Bennett & Sheff, Indianapolis, Ind., for James R. Clark, plaintiff-appellant.

* As originally filed, the present appeal named Otis R. Bowen, M.D. as the defendant-appellee. Pursuant to Fed.R.App.P. 43(c)(1), we have substituted his successor at the Department of Health and Human Services as the appropriate defendant-appellee in this proceeding.

Sue Hendricks Bailey, Asst. U.S. Atty., Deborah J. Daniels, U.S. Atty., Office of U.S. Atty., Indianapolis, Ind., Robert C. Stephens (argued), Dept. of Health and Human Services, Chicago, Ill., for Otis R. Bowen, M.D., Secretary of Health and Human Services, defendant-appellee.

Before BAUER, Chief Judge,
FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

This case involves an application for social security disability benefits by James Ray Clark under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* (the "Act"), and a review of the administrative decision denying such benefits pursuant to 42 U.S.C. § 405(g). The district court affirmed the Secretary of Health and Human Services' ("the Secretary's") decision, and for the reasons stated below, we affirm.

## I. BACKGROUND

The facts were adequately summarized by the district court. We repeat them here for convenience:

On December 18, 1981, the plaintiff, James Ray Clark, filed his initial application for disability insurance benefits with the Social Security Administration. The application was denied by the Secretary of Health and Human Services (Secretary). The Secretary's denial was affirmed by the United States District Court for the Southern District of Indiana on May 14, 1984. No. IP 83–740–C.

On June 1, 1984, the plaintiff filed a second application for disability insurance benefits. In his second application, the plaintiff stated that he was disabled due to 'brain arteries damage—[Labyrinthitis]— & blockage of arteries.' The application was denied initially and on reconsideration.

The plaintiff requested a *de novo* determination before an Administrative Law Judge (ALJ). At a hearing held on March 27, 1985, the plaintiff appeared in person and was represented by counsel.

The ALJ filed his written decision on May 17, 1985. The ALJ found that the medical evidence established that the plaintiff has a

'severe impairment' consisting of a history of subclavian steal syndrome, surgically repaired, diffuse vascular disease, loss of vision of the left eye, sensory neural hearing loss, and complaints of dizziness, eye pain, and an inability to maintain speach [sic] continuously for prolonged periods of time, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations, No. 4.

In addition, the ALJ found that the plaintiff's 'subjective complaints of disabling functional limitations and pain are disproportionate to the objective findings of the medical record and not fully credible.' The ALJ also found that although the plaintiff was unable to perform his past relevant work, the plaintiff did have the residual functional capacity to perform a limited range of light work. Based on these findings and after considering the plaintiff's age, education, and work experience, the ALJ made the decision that the plaintiff was 'not disabled' under the Medical–Vocational Guidelines. Finally, the ALJ stated:

Although the claimant's additional nonexertional limitations do not allow him to perform the full range of light work using the above-cited rule [*i.e.,* the Medical–Vocational Guidelines] as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are: the clerical and administrative described by the vocational expert at the hearing. Such jobs exist in significant numbers in the national economy.

Thus, the ALJ concluded that the plaintiff was 'not entitled to a period of disability or disability insurance benefits.'

Based on these facts, the district court affirmed the Secretary pursuant to 42 U.S.C. § 405(g). This appeal followed.

## II. ANALYSIS

■ The Social Security Act defines disability as an inability to engage in substantial gainful activity due to a medically determinable impairment which can be expected to result in death, or which has lasted or can be expected to last for 12 continuous months. 42 U.S.C. § 423(d)(1)(A). The Act, unlike a worker's compensation system, does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir.1985). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

Our standard of review is established by Section 205(g) of the Act, 42 U.S.C. § 405(g), which states that a court may only review the Secretary's decision denying disability benefits to determine whether it is supported by substantial evidence in the record before the ALJ. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." *Id.* A reviewing court's obligation is to "accept the findings of the Secretary if supported by substantial evidence. We must not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the Secretary." *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir.1986). Substantial evidence requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Delgado*, 782 F.2d at 82. While a reviewing court is not merely "an uncritical rubber stamp," *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir.1980), the court must affirm the Secretary's decision if it is supported by substantial evidence unless there has been an error of law. *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir.1984).

Clark argues on appeal that the ALJ's decision is not supported by substantial evidence. He claims that the ALJ failed to properly consider the plaintiff's subjective complaints of nonexertional impairments in rendering his final decision. In addition, he claims that the ALJ was not justified in using the Medical–Vocational Guidelines, (the "grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2. We consider these arguments in turn.

### A. Subjective Complaints of Nonexertional Impairments

■ Clark first complains that the ALJ did not properly consider his subjective complaints of nonexertional impairments, namely speech difficulties, pain and dizziness. The ALJ did not weigh these complaints heavily in making his final determination because he found that they were not supported by objective medical evidence and because he found Clark's testimony to be not credible. We believe that the record reflects that the ALJ adequately considered all the evidence including Clark's testimony and reports of various treating and examining doctors.

The Act sets forth guidelines for evaluating subjective complaints of nonexertional impairments. It clearly provides that "there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques which show the existence of a medical impairment...." 42 U.S.C. § 423(d)(5)(A). This Court stated in *Sparks v. Bowen*, 807 F.2d 616 (7th Cir.1986), that in order to fulfill the Act's requirements to consider evidence of subjective complaints there must be:

> [E]vidence of an objectively demonstrated abnormality and either '(1) ... objective medical evidence [confirming] the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition of a severity which can reasonably be expected to give rise to the alleged pain.' S.Rep.No. 98–466, 98th Cong., 2d Sess. 24 (1984), U.S. Code Cong. & Admin.News 1984, pp. 3038, 3061.

807 F.2d at 618.

We examine each of Clark's alleged nonexertional impairments under this stan-

dard. The district court's discussion of the facts relevant to these claims is instructive:

First, the plaintiff testified at the administrative hearing in 1985 that he experienced 'fairly constant' pain behind his left eye. However, the medical evidence in the record supports the ALJ's conclusion that the plaintiff's assertions of pain are exaggerated. A report prepared by Dr. Glassman in 1983 indicated that the plaintiff's pain was not constant; rather, the pain developed 'just toward the end of each eight hour [medication] dosing period.' In 1984, Dr. Glassman again indicated that the medication prescribed was effective in alleviating plaintiff's pain.

Second, as to the alleged dizzy spells, Dr. Lunsford, after examining the plaintiff in March 1983, reported: 'the [plaintiff's] story sounds like someone who is completely and totally disabled and I have no reason to doubt this picture, *although it is difficult to gauge any objective evidence.*' (emphasis added). Dr. Lunsford also noted that the plaintiff was able to predict when the spell would occur, and that the plaintiff had never passed-out or 'experienced seizure activity as such' as a result of the spells. Moreover, after conducting a second physical examination in December, 1984, Dr. Lunsford concluded that 'these episodes are strange and apparently he has begun to have [the spells] again but they have responded quite well to Lopressor [medication].'

Third, the plaintiff describes his final nonexertional impairment as follows: I can only talk for about thirty minutes before my voice gives out due to damage in my voice box and arteries. The ALJ had an opportunity at the hearing to evaluate first-hand the plaintiff's vocal abilities; he concluded that the alleged speech difficulties did not prevent the plaintiff from performing light work. In addition, both Dr. Viens and Dr. Tucker indicated in their 'Residual Functional Capacity Assessment[s]' that the plaintiff's capacity to speak was "unlimited."

■ This testimony from a variety of doctors is alone sufficient to support the ALJ's minimal reliance on Clark's subjective complaints. His pain behind the left eye is apparently controlled by medication. There is no objective evidence, as required by 42 U.S.C. § 432(d)(5)(A), for his dizzy spells. *See Sparks v. Bowen,* 807 F.2d at 618. And two doctors testified that his ability to speak is unlimited.

Moreover, the ALJ expressly discredited Clark's testimony. It is well established that "determinations of the credibility of witnesses are traditionally reserved to the trier of fact, here the ALJ who is in the best position to observe the witnesses." *Walker v. Bowen,* 834 F.2d 635, 641 (7th Cir.1987). Given the testimony recited above and the fact that the ALJ found Clark's testimony less than credible, we find that the ALJ's decision not to rely on Clark's subjective complaints is supported by substantial evidence in the record.

### B. The ALJ's Use of the Grid

Clark next argues that the ALJ's use of the grid to find that he was capable of "substantial gainful employment" in jobs available in the national economy was not appropriate because Clark's nonexertional complaints (dizziness, pain, speech difficulties) precluded use of the grid. We find that the use of the grid was appropriate and that the grid alone was sufficient evidence to uphold the ALJ's findings.

The grid is a chart that classifies a claimant as disabled or not, based on the claimant's "residual functional capacity," which is based on strength, age, prior work experience, and education. It specifically provides for the case where the individual has nonexertional complaints by requiring that the ALJ consider the nonexertional impairment to see if the individual's work capability is further diminished than the grid otherwise would indicate. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2).

■ If, however, "nonexertional impairments are severe enough, use of the grid is not appropriate and we will reverse a determination of non-disability based on the grid." *Walker v. Bowen,* 834 F.2d at 641. This determination, i.e. whether nonexer-

tional impairments are severe enough, is a determination of fact. *Id.* We will uphold the ALJ if there is evidence sufficient to "persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available." *Warmoth v. Bowen,* 798 F.2d 1109, 1112 (7th Cir.1986).

Clark claims that his nonexertional impairments were severe enough to preclude use of the grid. As noted above, however, the ALJ carefully considered Clark's nonexertional impairments. Based on his finding that Clark's subjective complaints were not fully credible and were not supported by objective evidence, the ALJ determined that the nonexertional impairments reduced his range of work to the extent that he avoid dangerous work settings. The ALJ found that this limitation did not significantly decrease Clark's ability to perform light work.

■ The district court noted, "the need to avoid dangerous work settings is a minor limitation on the claimant's ability to perform light work; therefore it does not preclude application of the grid," and we agree. "[A] small incongruity between the grid's work description and the claimant's abilities does not preclude use of the grid." *Walker,* 834 F.2d at 642. Given that the ALJ found Clark's complaints of nonexertional impairments to lack credibility and that the grid indicated that Clark was capable of light work, it was reasonable for the ALJ to determine that Clark's ability to perform light work was only marginally diminished. *See Warmoth,* 798 F.2d at 1112; *Nelson v. Secretary of Health & Human Servs.,* 770 F.2d 682, 684–85 (7th Cir.1985). We will not overturn the factual judgment of the ALJ and of the Secretary when it is supported by substantial evidence and this is such a case.

■ Finally, we note that the ALJ is entitled to make his determination of disability based solely on the grid. "If the use of the grid is appropriate, the Secretary may rely upon it in determining disability. In such a case, the grid alone constitutes substantial evidence sufficient to uphold the decision of the Secretary." *Walker,* 834 F.2d at 640. *See Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). In this case the ALJ properly applied Clark's nonexertional impairments to the grid and determined that Clark was not disabled. This constituted sufficient evidence that Clark was not disabled. Because the ALJ's finding is supported by sufficient evidence based on the grid alone, we need not address an additional claim made by Clark that reliance on a vocational expert who testified in Clark's first administrative hearing was inappropriate. Accordingly, the decision of the Secretary is AFFIRMED.