Sylvia **MOOTHART**, Plaintiff–Appellant,

v.

Otis R. **BOWEN**, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 90–2931.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1991.

Decided June 5, 1991.

Donald A. Shapiro, Kristin M. Boyer, Chicago, Ill., for plaintiff-appellant.

Anton R. Valukas, U.S. Atty., Frederick H. Branding, Asst. U.S. Atty., Office of the U.S. Atty., Gary A. Sultz, Department of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Sylvia Moothart ("Moothart") claims disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The Department of Health and Human Services ("HHS") denied her claim. She then filed suit in the District Court under 42 U.S.C. § 405(g). The District Court affirmed, concluding that the administrative record contained substantial evidence supporting HHS' decision. We affirm the District Court's judgment.

### Discussion

The only issue in this appeal is whether the administrative record provides substantial evidence for HHS' conclusion that Moothart is not disabled. "The findings of [HHS] as to any fact, if supported by substantial evidence, shall be conclusive" for purposes of judicial review. 42 U.S.C. § 405(g); *see Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir.1989).

Disability means being unable "to engage in any substantial gainful activity by reason of any medically determinable phys-ical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a). HHS uses a five step analysis in applying this definition. *See* 20 C.F.R. §§ 404.1520, 416.920; *Marcus v. Sullivan*, 926 F.2d 604, 606 (7th Cir.1991) (describing the five step test). Moothart and the Appeals Council disagree over the final step in the analysis, whether she can perform work in the national economy in light of her age, education, past work experience, and degree of impairment. Of these factors, only Moothart's degree of impairment is in dispute.

■ HHS' main finding was that "although [Moothart] has a long history of back impairment, repeated examinations and extensive diagnostic testing has failed to reveal a disabling ... impairment or significant sensory, motor, or reflex loss." Decision of Appeals Council, p. 3 (May 27, 1987). HHS recognized that Moothart reported severe pain, but it found that the objective "clinical and diagnostic findings ... do not demonstrate a condition of sufficient severity to produce the degree of pain alleged." *Id.*

Several points in the record support HHS' finding. Moothart claims that she became disabled on March 14, 1985, about 7 months after she had a third back operation. *See* Moothart's Application for Disability Insurance Benefits, admin. record at 55. Yet on May 24, 1985, her treating physician noted that she was "doing well as far as her back is concerned" and predicted that she would be able to return to work within two months. Physician's Progress Notes, admin. record at 191. Moothart felt pain, but remained "much improved" over her condition as it existed prior to surgery. *Id.* Five months later, on October 25, 1985, the physician's notes show that Moothart complained of some pain, but not "any real discomfort" in her back. *Id.*, admin. record at 190. About six months after this, Moothart told the doctor that she was doing "so-so," and he stated in his notes that "[t]he more questioning this lady undergoes, the more pain she complains about."

*Id.*, admin. record at 282. This last statement is ambiguous, but HHS could take it as evidence that Moothart's condition was not disabling.

Throughout this period, Moothart's neurological tests were normal, and she showed a good range of movement. *Id.*, admin. record at 190–92, 282. Her X-rays were also normal, except for what "may be very slight motion" detected in her L4–5 spinal disk space and a narrowing of the spinal space in another area. *Id.*, admin. record at 282. Finally, four physicians who examined the record, but who did not see Moothart in person, concluded that she was able to work. Residual Functional Capacity Assessments, admin. record at 176–80, 206–10, 215–19, 223–27. Taken together, this evidence is substantial support for the Appeals Council's finding that the objective medical evidence fails to reveal a condition that would reasonably be expected to produce the degree of pain that Moothart reports.

■ This conclusion means that HHS' decision must be affirmed. HHS' regulations state: "We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." 20 C.F.R. § 404.1529. This is a standard that Congress has specifically endorsed,[1] and that

this Court's decisions have applied. *See, e.g., Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir.1989); *Walker v. Bowen*, 834 F.2d 635, 641 (7th Cir.1987). Under this standard, we must affirm the Appeals Council's decision because, again, substantial evidence supports the conclusion that the objective medical signs and findings fail to show a condition that would reasonably be expected to produce the degree of pain that Moothart alleges.

Justice has moved slowly and unevenly in this case. Moothart's claim for disability benefits has now been pending for six years. The claim was initially denied by HHS' staff. Moothart won reversal before an administrative law judge. This reversal was itself reversed by HHS' Appeals Council, which heard the case on its own motion as it has authority to do, *see Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir.1986). When Moothart filed suit in the District Court, the Magistrate recommended reinstating the administrative law judge's decision. The District Court rejected this recommendation and affirmed the Appeals Council.

■ In reaching our decision, we have considered the administrative law judge's initial findings as part of the record as a whole. But we review the Appeals Council's decision, not the administrative law judge's. It is the Appeals Council that gives the Department's final decision. *See*

---

1. Congress' most recent statement is that "an *individual's statement as to pain or other symptoms* shall not alone be conclusive evidence of disability; there must be medical signs and findings ... which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged."

This statement is from former 42 U.S.C. § 423(d)(5)(A), which was enacted in 1984 with a sunset provision ending its effectiveness on January 1, 1987. *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 3(a)(3), 1984 U.S.Code Cong. & Admin.News, (98 Stat.) 1799. Although no longer strictly applicable, the former statutory language still provides analytic guidance. The legislative history reflects that the provision "simply codified existing practice, [so] the termination of the provision would not modify the rules governing the program." S.Rep. No. 466, 98th Cong., 2d Sess. 23–4 (1984). Because HHS' current regulation (quoted in the text) is identical to the one in effect when Congress enacted 42 U.S.C. § 423(d)(5)(A), Congress' statement is properly viewed as its interpretation and endorsement of the current regulatory standard.

Indeed, this Congressional endorsement is unmistakable. The Senate Report specifically disapproved certain prior judicial decisions that had ignored the regulatory requirement that objective medical evidence support subjective claims of pain. "[I]f courts ignore the Secretary's regulatory authority and the expressed Congressional concerns for careful administration, national uniformity, and *verifiable evidence,* the Committee has little choice but to draw the statute as narrowly as possible." *Id.* (emphasis added). For a thorough discussion of the legislative history of 42 U.S.C. § 423(d)(5)(A), *see Bates v. Sullivan*, 894 F.2d 1059, 1064–72 (9th Cir.1990) (Wright and Wallace, concurring).

20 C.F.R. § 404.981; *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir.1986); *Garrison v. Heckler*, 765 F.2d 710, 712 n. 1 (7th Cir. 1985). That decision has substantial support in the record in this case, even when the administrative law judge's findings are taken into account.

We have also carefully reviewed the Magistrate's decision and Moothart's moving testimony at her administrative hearing. The Magistrate relied in large part on the administrative law judge's ability to evaluate Moothart's credibility by seeing her testify. Magistrate's Report and Recommendation, pp. 13–15 (July 28, 1989). But this case is not at bottom about Moothart's credibility. A claimant must provide credible testimony to obtain disability benefits based on pain or other subjective symptoms, *and* the objective medical findings must show a condition that would reasonably be expected to produce that pain or those other symptoms. This is a harsh rule because it denies Moothart any disability payments even if (and we have no reason to think otherwise) she testified truthfully at her administrative hearing. Yet the rule appears necessary. Absent the requirement of objective medical findings, disability hearings would turn into swearing contests. So too, objective medical findings are necessary to ensure like treatment of like cases. The Appeals Council tries "to promote uniformity and accuracy" in the decisions of hundreds of administrative law judges. *Bauzo v. Bowen*, 803 F.2d 917, 922 (7th Cir.1986). Absent objective medical findings, meaningful comparison of cases would be difficult and perhaps impossible. Who could say that one claimant was more deserving than another unless he or she had heard the live testimony?

To prevent fraud and provide equal treatment, then, the requirement of objective medical findings in addition to subjective testimony appears necessary. We say "appears" because the standard is not ours to set. It is HHS' regulatory standard, specifically endorsed by Congress, that is at issue. If this standard is a reasonable accommodation of conflicting concerns, we must defer to the agency's approach. *See* *generally Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984) (discussing principles of judicial deference to administrative decisions); *Garrison v. Heckler*, 765 F.2d 710, 714 (7th Cir.1985) (discussing the role of objective data in achieving uniformity in the handling of disability claims and concluding that "[t]he choice to have a little less individual treatment and a little more uniformity is within the agency's authority under the statute").

Thus it was unnecessary, perhaps even gratuitous, for the Appeals Council to find Moothart "not credible." Decision of Appeals Council, p. 4 (May 27, 1987). *Whether credible or not in her testimony about her subjective symptoms*, Moothart is not entitled to benefits if the objective medical evidence failed to show a medical condition that would reasonably be expected to cause those symptoms. Here the Appeals Council could find that the objective evidence was lacking, so its decision must stand.

### *Conclusion*

For the reasons stated, the District Court's judgment affirming HHS' final decision denying Moothart's disability claim is AFFIRMED.