936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Homer L. FRAZIER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1686.
 United States Court of Appeals, Seventh Circuit.
 Argued May 7, 1991.
Decided June 17, 1991.
 
 Before WOOD, JR., and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Frazier appeals from the district court's decision in favor of the Secretary of Health and Human Services ("Secretary") regarding Frazier's application for disability benefits under 42 U.S.C. Sec. 423. Following the five-step sequential evaluation process set forth in 20 C.F.R. Sec. 404.1520, the ALJ found that Frazier was incapable of returning to his past work and otherwise found that the only real question was whether Frazier could perform other work. Relying on evidence from an administrative hearing as well as the Medical-Vocational Guidelines, or "grid," the ALJ then denied Frazier's claim on the ground that Frazier was able to perform substantial gainful work in the economy. The Secretary adopted this decision and the district court concluded that it was supported by substantial evidence.
 
 
 2
 The bulk of Frazier's presentation to this court concentrates on the argument that the ALJ improperly discredited two pieces of evidence that were crucial to his case: (1) Frazier's subjective evidence of pain (Frazier asserted that, on a scale of one to ten, his pain was "a constant eight or nine"); and (2) the recommendation of the treating physician, Dr. Blondis, that Frazier "should stop working." In Frazier's view, the ALJ failed to articulate a basis for rejecting either piece of evidence. Any attempt to specify reasons, moreover, would have failed for lack of substantial evidence.
 
 
 3
 The district court's memorandum opinion addressed Frazier's subjective evidence and rejected his arguments regarding that evidence. We agree with the district court's reasoning and therefore adopt its memorandum opinion as our own. A copy of that opinion is attached to this order.
 
 
 4
 To the extent that the district court does not specifically address Dr. Blondis's opinion that Frazier "should stop working," our reading of the ALJ's opinion discloses that, in fact, the ALJ did articulate a clear and sufficient basis for rejecting Dr. Blondis's recommendation. After recognizing that "Dr. Blondis has reported that the claimant should stop working," the ALJ continued:
 
 
 5
 [I]n Exhibit 9, Dr. Blondis acknowledged that the claimant is restricted to light work and that no light work is available at the claimant's last place of employment. In Exhibit 16, Dr. Blondis' restrictions did not include all work. In Exhibit 13, it was reported that the claimant's disc disease is not severe enough to warrant surgery. Dr. [Howard] stated that a Myelogram was essentially negative. He added that when the claimant returns to work, he should not lift over 50 pounds. Dr. Vucicevic reported that the claimant needs to get light duty work. Dr. Ryan reported that the claimant can perform his former work.
 
 
 6
 For the allegedly severe pain, the claimant principally takes only non-prescription Tylenol. The medical evidence does not establish very frequent treatment. There is no record of any hospitalization since August, 1984. In Exhibit 7, the claimant stated that his doctor has permitted lifting up to 25-30 pounds. In Exhibit 12, the claimant stated that his pain lessens during the day. Chest pain was denied in Exhibit 15.
 
 
 7
 The medical evidence repeatedly indicates no muscle weakness, no sensory loss, and normal reflexes. An electromyogram showed no radiculopathy. There is no nerve root imitation. Most reports indicate no muscle spasm. The claimant has a fairly good range of motion in his lower spine. No atrophy has been detected. Straight leg raising tests are near normal, and the claimant can walk on his heels and toes. A CT scan and a myelogram failed to show a ruptured disc. There is only evidence of disc bulging. Nafzigger's, Hoover's, Trendelburg's, Faber's and femoral stretch tests have been normal. The claimant only has a small hiatal hernia. There is no substantiation of severe chest pain.
 
 
 8
 When all of the evidence is viewed as a whole, I must find that the claimant has the capacity to perform the light jobs described by the vocational expert....
 
 
 9
 Although perhaps not as specific as Frazier might like, this passage sets out the ALJ's reasoning in a manner that this court can follow. See Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir.1985) ("If a sketchy opinion assures us that the ALJ considered the important evidence, and the opinion enables us to trace the path of the ALJ's reasoning, the ALJ has done enough."). That reasoning, moreover, is supported by substantial evidence under the same reasoning set forth in the district court's memorandum opinion.
 
 
 10
 Frazier next argues that the ALJ ignored the vocational expert's testimony that Frazier's pain would considerably impair his ability to work. The record discloses, however, that the expert neither stated nor implicitly suggested that Frazier's complaints of pain were true. Quite to the contrary, the vocational expert testified merely that Frazier's complaints, if true, would considerably impair his ability to work. The ALJ found that Frazier's complaints were not credible, however. The expert's observation therefore retained its hypothetical characteristics and left undisturbed his testimony that there existed over 20,000 jobs in the local area that a person with Frazier's background could perform.[1]
 
 
 11
 Frazier also argues that substantial evidence does not support the ALJ's conclusion that he was literate and that the ALJ erred in applying the grid to a claim of disability involving a nonexertional impairment. Frazier failed to raise either of these arguments before the district court, however, and they are therefore waived.
 
 
 12
 The remainder of Frazier's presentation is devoted to an attempt to persuade this court to substitute its judgment for that of the Secretary and the ALJ. As we have stated time and time again, however, it is not the function of a reviewing court to engage in such activity. The record reflects that the ALJ applied the correct legal standards and considered all of the evidence, including the evidence favorable to Frazier, before finding that Frazier was not under a disability. This finding is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971), and the decision of the district court is therefore AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 13
 Homer L. Frazier, Plaintiff,
 
 
 14
 v.
 
 Louis W. Sullivan,[1] Secretary of Health
 
 15
 and Human Services, Defendant.
 
 No. 87 C 4747
 MEMORANDUM OPINION
 
 16
 GRADY, District Judge.
 
 
 17
 This social security case comes before us on plaintiff's objections to Magistrate Joan H. Lefkow's Report and Recommendation. For the reasons set out below, we adopt Magistrate Lefkow's recommendation to deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment.
 
 DISCUSSION[2]
 
 18
 Plaintiff objects to Magistrate Lefkow's determination that substantial evidence supports the Administrative Law Judge's ("ALJ") finding that plaintiff's testimony is not very credible. The ALJ stated, without referring to any testimony or medical evidence, that "[s]ome discomfort does exist, but I believe that its degree was overstated at the hearing. The claimant's testimony is not very credible. I do not believe that he must lie down during the day." Administrative Record at 19. Plaintiff argues that Magistrate Lefkow "missed a critical step when analyzing the ALJ's findings." According to the plaintiff, Magistrate Lefkow erred when she accepted the ALJ's determination of lack of credibility and then sought to support that determination with the record. Rather, plaintiff contends, Magistrate Lefkow should have started with the evidence in the record that the ALJ relied upon for his finding of lack of credibility, and then determined whether such evidence was sufficient to support the ALJ's finding. Since the ALJ gave no reason for his finding of lack of credibility, plaintiff maintains that there was no evidence that Magistrate Lefkow could review to determine the sufficiency of the ALJ's finding. We disagree. We find that the ALJ stated the reasons for his conclusions in a manner sufficient to permit an informed review.
 
 
 19
 "We must uphold the Secretary's factual determinations if they are supported by substantial evidence based on the record as a whole." Orlando v. Heckler, 776 F.2d 209, 213 (7th Cir.1985). Substantial evidence means any relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Clark v. Sullivan, 891 F.2d 175, 177 (7th Cir.1989). The Seventh Circuit has "emphasized that the [ALJ's] decision in disability cases must be 'based on consideration of all relevant evidence and the reasons for his conclusions must be stated in a manner sufficient to permit an informed review.' " Orlando, 776 F.2d at 213. (quoting Garfield v. Schweiker, 732 F.2d 605,610 (7th Cir.1984)). The courts do not require a written evaluation of every piece of testimony and submitted evidence. Id. However, the ALJ "must articulate at some minimal level his analysis of the evidence in 'cases in which considerable evidence is presented to counter the agency's position.' " Id. (quoting Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir.1984)).
 
 
 20
 In the case at bar, the ALJ's opinion did not expressly state the reasons why the ALJ found plaintiff's testimony not very credible. However, "if a sketchy opinion assures us that the ALJ considered the important evidence, and the opinion enables us to trace the path of the ALJ's reasoning, the ALJ has done enough." Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir.1985). Having independently reviewed the administrative record, we find that the ALJ's opinion reflects that he adequately considered all the evidence, including plaintiff's testimony and reports of various treating and examining doctors. We agree with Magistrate Lefkow's assessment that "[i]t is reasonably apparent that the ALJ inferred that plaintiff's allegations of pain were inconsistent with the medical evidence and on that basis found plaintiff not very credible." Report and Recommendation at 15. Most of the doctors who treated or examined plaintiff found him capable of returning to lighter duty work. Although plaintiff's treating physician, Dr. Blondis, stated that plaintiff should avoid work, the ALJ noted that Blondis acknowledged that plaintiff could perform a light duty job, but that there was no light duty at his current place of employment. The ALJ also observed that Dr. Ryan, an insurance company's doctor who examined plaintiff, reported that plaintiff had a very good range of motion, no atrophy and no muscle spasms, and concluded that plaintiff can return to work without limitations. Plaintiff's consulting physician, Dr. Vucicevic, twice concluded that plaintiff could perform lighter work. Another consulting physician, Dr. Harvard, stated that plaintiff's myelogram was essentially negative and added that, when plaintiff returns to work, he should not lift over fifty pounds. Still another physician, Dr. Sarcu, reported that plaintiff had a full range of motion in all joints, no swelling in any joints, no sensory loss, and normal muscle strength. The ALJ observed that plaintiff principally took non-prescription Tylenol for his pain, stated that his doctor had permitted him to lift up to twenty-five to thirty pounds, and indicated that his pain lessens during the day.
 
 
 21
 We cannot decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the ALJ. Clark, 891 F.2d at 177 (quoting Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986)). We find that the medical evidence sufficiently supports the ALJ's minimal reliance on plaintiff's subjective complaints. Credibility determinations are "traditionally reserved to the trier of fact, here the ALJ who is in the best position to observe the witnesses." Clark, 891 F.2d at 178 (quoting Walker v. Bowen, 834 F.2d 635, 641 (7th Cir.1987)). "It is the law of this circuit that we must affirm an ALJ's assessment of credibility unless we find that it is patently wrong." Kelley v. Sullivan, 890 F.2d 961, 965 (7th Cir.1989). The ALJ's credibility assessment in this case is not patently wrong. We therefore adopt Magistrate Lefkow's Report and Recommendation.
 
 CONCLUSION
 
 22
 We adopt the Report and Recommendation of Magistrate Lefkow over the objections of plaintiff. We deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment.
 
 
 
 [1]
 Frazier's present argument, moreover, is in direct contrast to the position that he took before the district court, where he claimed that the vocational expert's statements should have been ignored because they commented impermissibly on Frazier's credibility. Indeed, one of Frazier's submissions to the district court stated, "While a vocational expert must exercise some judgment regarding the claimant's capacity to work, unless that expert is a medical doctor, he must rely on the medical assessments of the claiment's [sic] condition."
 
 
 [1]
 As originally filed, the named defendant was Otis R. Bowen. Pursuant to Fed.R.Civ.P. 25(d)(1), we have substituted his successor at the Department of Health and Human Services as the appropriate defendant in this proceeding
 
 
 [2]
 A detailed recitation of the facts is contained in Magistrate Lefkow's report. Therefore, we will not repeat them here