958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edna BERRY, Plaintiff/Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant/Appellee.
 No. 91-1729.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 20, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Edna Berry applied for disability insurance benefits and supplemental security income on June 21, 1988, alleging an onset of disability since October 1985. Berry claimed to have been disabled on account of chronic arthritis, but there was also evidence of alcoholism. Her claim for benefits was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied Berry's request for review and the ALJ's decision became the Secretary's final decision. See 20 C.F.R. §§ 404.981, 416.1481. Berry then sought judicial review in the district court, contending only that the ALJ's treatment of her alcoholism claim was inadequate. Upon cross-motions for summary judgment, the district court ruled for the Secretary. The district court also denied Berry's motion to remand the case for the development of additional facts concerning her alcoholism.[1] Berry filed a timely notice of appeal. We affirm.
 
 
 2
 The Secretary's final decision is affirmed if it is supported by substantial evidence. Moothart v. Bowen, 934 F.2d 114, 115 (7th Cir.1991). Substantial evidence means "more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Kapusta v. Sullivan, 900 F.2d 94, 96 (7th Cir.1989) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Our review does not include a reweighing of the evidence or a reconsideration of the ALJ's credibility determinations. Kapusta, 900 F.2d at 96. Rather, we review the denial of Berry's application only to determine whether, on the basis of the evidence contained in the record, the Secretary could reasonably find that she could perform basic work activities.
 
 
 3
 The ALJ utilized the standard five-step sequential analysis to determine whether Berry was disabled as defined in the Social Security Act ("The Act"). See 20 C.F.R. §§ 404.1520, 416.920; Marcus v. Sullivan, 926 F.2d 604, 606 (7th Cir.1991) (delineating the five-part test). The ALJ found that Berry had not engaged in substantial gainful activity since October 1, 1985. Although he found that Berry suffered from arterial hypertension, gastritis, degenerative joint disease, obesity, mild anxiety, and alcohol dependence, he determined that these impairments did not significantly limit her ability to perform basic work-related activities. Further, the ALJ rejected as not credible Berry's testimony that she was unable to work due to alcohol-related problems and concluded that she was not disabled.
 
 
 4
 On appeal, Berry contends that the Secretary's conclusion that her alcoholism did not prevent her from performing basis work-related activities was not supported by substantial evidence.[2] We disagree. At the hearing, Berry testified that she drank alcohol every day, that alcohol treatment had been unsuccessful, and that when she was employed her drinking often caused her to be late or absent from work. According to Berry, her alcoholism caused her to suffer from liver damage, memory loss, loss of appetite, and withdrawal at least twice a week, during which time she was unable to function because of severe cramps and diarrhea. On the other hand, Berry also testified that she was able to cook, clean, go grocery shopping, do laundry, and remember to take her medication.
 
 
 5
 The Secretary specifically considered Berry's testimony concerning the effects of her alcoholism and found that it was not credible. We give this determination considerable deference. Prince v. Sullivan, 933 F.2d 598, 601-02 (7th Cir.1991). Berry offers no objective medical evidence to prove that her alcoholism permanently disabled her from working.[3] Moothart, 934 F.2d at 117 ("[a]bsent the requirement of objective medical findings, disability hearings would turn into swearing matches").[4] In addition to Dr. Vincent's determination that Berry's alcoholism did not cause her to suffer from any medically determinable mental impairment, the reports of the physicians who examined Berry, Dr. Lubben,[5] Dr. Rana,[6] and Dr. Chen,[7] provide a substantial basis for the Secretary's determination that Berry could perform basic work-related activities[8], despite her alcoholism. Furthermore, Berry's testimony established that she was able to visit with friends, watch television, remember to pay her rent, grocery shop, cook, clean, and observe personal hygiene. Finally, the ALJ noted that Berry was able to understand the disability proceeding and give a logical and detailed account of her symptomatology. Thus, substantial evidence exists in the record to support the determination that Berry's alcoholism did not significantly impair her ability to perform both physical and non-physical work-related functions.
 
 
 6
 Next, Berry argues that Stambaugh v. Sullivan, 929 F.2d 292 (7th Cir.1991), requires that we reverse and remand this case to the Secretary for further development of the record concerning her alcoholism. Specifically, Berry contends that the ALJ should have ordered a psychological examination before determining her disability claim. In Stambaugh we reversed the denial of disability benefits and remanded so the Secretary could obtain expert evaluation of the effects of the claimant's alleged alcoholism on his ability to work. Id. at 296. Stambaugh, however, is distinguishable from Berry's case. In Stambaugh, despite the existence of substantial evidence of claimant's chronic alcoholism in the record, the ALJ failed to complete and attach the standard Psychiatric Review Technique Form ("PRTF")[9] as required by 20 C.F.R. § 404.1520a and failed to support his determination that the claimant's alcoholism was not disabling with any expert opinion. Id. Here, the ALJ both completed the required PRTF[10] and supported his determination--that Berry's alcoholism did not significantly impair her ability to work--with the expert opinion of psychologist Dr. Vincent, who reviewed Berry's records and concluded that she was not mentally impaired.[11] Finally, unlike other cases that this court has remanded for further development of the record, in this case the ALJ fully evaluated Berry's alcoholism claim in accordance with the procedure set forth in 20 C.F.R §§ 404.1520(a), 416.920(a). See e.g., O'Connor v. Sullivan, 938 F.2d 70, 73 (7th Cir.1991) (ALJ's inquiry, focusing solely on whether claimant could take care of himself was insufficient. "The question is not whether one can survive in a noninstitutional setting--feed oneself, socialize etc.--but whether one can work"); Thompson v. Sullivan, 933 F.2d 581, 587 (7th Cir.1991) (ALJ completely overlooked claimant's possible alcohol problems); Cannon v. Harris, 651 F.2d 513, 519 (7th Cir.1981) (despite evidence of claimant's alcoholism, albeit insufficient to support a finding of disability, ALJ failed to inquire into degree of claimant's alcoholism and its impact on his ability to work). The ALJ not only evaluated the effects of Berry's alcoholism on her performance of daily living activities and social interaction, but he also determined whether her alcoholism caused any deficiencies of concentration or episodes of deterioration in work or work-like settings. See 20 C.F.R. § 404.1520a-(c)(1) (listing criteria for evaluating severity of mental impairment). Thus, a remand for further development of the record is unnecessary.
 
 
 7
 The Secretary fully considered Berry's claim of alcohol dependence and substantial evidence supports the Secretary's determination that Berry's alcoholism did not significantly impair her ability to work. Accordingly, the decision of the district court granting summary judgment in favor of the Secretary is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Initially, the district court granted Berry's motion for remand to the Secretary to submit additional evidence, but vacated its order on November 1, 1990
 
 
 [2]
 Berry argues that no evidence supported the ALJ's statement that "There is no indication that the claimant lost her capacity to control voluntarily her intake of alcoholic beverages." We agree with the district court that the question in this case is not whether substantial evidence supported this statement, but rather, whether substantial evidence supported the ALJ's conclusion that Berry's alcoholism did not prevent her from holding a job. See O'Connor v. Sullivan, 938 F.2d 70, 74 (7th Cir.1991) (when claimant's alcoholism does not cause physical or behavioral changes that satisfy the criteria for a listed impairment, the next step in the disability formula is to determine the effect of claimant's alcoholism on his ability to work); Cannon v. Harris, 651 F.2d 513, 519 (7th Cir.1981) (same)
 
 
 [3]
 At the hearing Berry testified that she received alcohol treatment twice. On appeal, Berry remarks that her medical records from these two treatment centers "inexplicably were not introduced into evidence ... and were never considered by the Secretary." Although an ALJ has an obligation to develop a full and fair record, Thompson v. Sullivan, 933 F.2d 581, 585 (7th Cir.1991), Berry still maintains the responsibility of providing medical evidence of a mental impairment. 20 C.F.R. § 404.1520a(d). The procedural history of this case reveals that Berry was given numerous opportunities to include such evidence in the record. Nevertheless, she did not submit any medical records proving the alleged disabling effects of her alcoholism
 
 
 [4]
 Berry also described the extent and effects of her alcohol abuse over the telephone to Steven Bender, the state agency disability adjudicator. Berry's contention that the written report of this conversation (the "Bender Report") offers independent verification of the disabling effects of her alcoholism is without merit. The report does not contain any objective medical findings made by Bender. Rather, it consists only of Berry's own description of the effects and severity of her alcoholism
 
 
 [5]
 In March 1988, Dr. Lubben diagnosed Berry as alcohol dependent but concluded that Berry's ability to do work-related activities, e.g., walking, standing, sitting, and speaking, was not impaired by her alcoholism
 
 
 [6]
 Dr. Rana examined Berry in July 1988. Berry told Dr. Rana that she had been an alcoholic since 1985 but that now she only drinks occasionally. Dr. Rana concluded that Berry was cooperative and oriented to time, place, and person. Additionally, Dr. Rana determined that Berry's ability to concentrate and relate was good. She noted that Berry could name the past three presidents of the United States, do serial 7's calculations, and manage her own funds
 
 
 [7]
 In June 1988, Dr. Chen, Berry's treating physician, stated that Berry suffered from arthritis and was unable to do any gainful work. In September 1988, Dr. Chen completed several disability forms in which he diagnosed Berry as an alcoholic who suffered from gastritis, hypertension, obesity, and arthritis. According to Dr. Chen, although Berry's affect was depressed, she was oriented to time, place, and person, was able to socially interact with other individuals, was able to care for her personal needs, and was able to manage her own funds
 
 
 [8]
 Basic work activities are the skills and aptitudes required to perform most jobs. 20 C.F.R. §§ 404.1521(b), 416.921(b). This category includes physical activities such as walking, standing, sitting, lifting, pulling, reaching, carrying, and such non-physical activities as the claimant's capacity to interact socially and her ability to understand, remember, and carry out simple instructions. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6)
 
 
 [9]
 The PRTF document sets out the required procedure for determining whether a mental impairment exists and evaluating the degree of functional loss caused by that impairment. 20 C.F.R. § 404.1520(b)
 
 
 [10]
 Contrary to Berry's contention in her reply brief, at the hearing level, the ALJ may fill out the PRTF without the aid of a medical advisor. See 20 C.F.R. 404.1520a
 
 
 [11]
 In her reply brief, Berry contends that Dr. Vincent's report is not sufficient "expert opinion" under Stambaugh because Dr. Vincent never personally consulted or interviewed her. This contention is without merit. Regulation 20 C.F.R. § 404.1615, which discusses the need for expert evaluation of mental impairments, does not require a personal consultation between the medical expert and the claimant. It provides only that "a qualified psychiatrist or psychologist complete the medical portion of the case and any applicable residual functional capacity assessment." Moreover, as we acknowledged in Stambaugh, not every alcoholic claiming a disability is entitled to a psychiatric or psychological evaluation. Stambaugh, 929 F.2d at 296 ("where ... substantial evidence of chronic alcoholism is presented" a psychiatric or psychological evaluation of the claimant should be ordered)