**Rufus CARUTHERS**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**No. H79–277.**

United States District Court, N.D. Indiana, Hammond Division.

July 17, 1992.

Katz, Brenman, Daugherty & Angel, Merrillville, Ind., for plaintiff.

Orest Szewciw, Asst. U.S. Atty., Dyer, Ind., for defendant.

*Order on Motion for Summary Judgment*

ALLEN SHARP, Chief Judge.

Rufus Caruthers ("Caruthers") appeals from a final judgment of the Secretary of Health and Human Services ("Secretary")[1] denying his applications for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423. Jurisdiction over Caruthers' petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

### I. Procedural History

Caruthers first filed for disability insurance benefits on August 11, 1977 (R. 58–61). When his petition was denied initially and on reconsideration, he requested an administrative hearing (R. 19–21). A hearing was held before an administrative law

---

**1.** Louis W. Sullivan, M.D. succeeded Otis R. Bowen, M.D. as Secretary of Health and Human services on March 1, 1989. Therefore, pursuant to Fed.R.Civ.P. 25(d)(1), Louis W. Sullivan, M.D. should be substituted for Otis R. Bowen, M.D. as

the defendant in this suit. No further action need be taken to continue the suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

judge ("ALJ") on July 17, 1978 (R. 17). In a decision issued January 24, 1979, the ALJ found Caruthers not disabled under the Act and thus not entitled to benefits under Title II (R. 6–12). The Appeals Council affirmed the ALJ's decision on March 29, 1979. (R. 2–3).

The claimant then filed an appeal in the United States District Court for the Northern District of Indiana, Hammond Division. The Court issued a decision remanding the case to the Secretary on or about September 27, 1980 "due to 'new and additional' medical evidence which was submitted to the court on September 16, 1980" (R. 429). A rehearing was held on December 1, 1981 (R. 168). Again, the ALJ denied benefits (R. 147–155), and the Appeals Council affirmed that decision on December 9, 1982 (R. 141–142). Caruthers appealed the decision to the United States District Court for the Northern District of Indiana. Judge Michael S. Kanne remanded the case for a new hearing (R. 428–447). The ALJ again denied benefits. That decision became the final determination of the Secretary on September 17, 1986 when the Appeals Council adopted the findings of the ALJ with only a minor change to Findings Number 1 and 13 (R. 277–278). Just as the ALJ had determined, the Appeals Council found Caruthers not entitled to a period of disability or to disability insurance benefits under the Social Security Act (R. 278). Caruthers now appeals that September 17, 1986 determination.

This case was last assigned to the Honorable James T. Moody. For purposes of judicial economy and justice, it was reassigned to the undersigned Judge on June 27, 1991. On August 21, 1991 this court issued an order requiring that a full transcript of all relevant past proceedings be filed with the court as substantial portions of the record were missing. That order was complied with in September of 1991. This court then allowed counsel an opportunity to file supplemental briefings. The plaintiff filed a supplemental brief supporting his Motion for Summary Judgment on November 25, 1991. This court being fully briefed on the issues presented now DE-NIES the plaintiff's Motion for Summary Judgment.

## II. Standard of Review

■ The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Mr. Caruthers is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir.1991); *Herr v. Sullivan*, 912 F.2d 178, 182 (7th Cir.1990). This court will not reweigh the evidence presented at the administrative hearing, *Young v. Secretary of Health and Human Services*, 957 F.2d 386, 388 (7th Cir.1992), nor will it determine whether Mr. Caruthers actually was disabled. *Id.; Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989). Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Herr*, 912 F.2d at 180; *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir.1989). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Howell v. Sullivan*, 950 F.2d 343, 347 (7th Cir. 1991). It may be less than a preponderance of the evidence. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Young*, 957 F.2d at 389.

## III. Description of the ALJ's Findings

Mr. Caruthers must be "disabled" in order to qualify for the benefits she requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

■ Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for de-

termining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.920(f)–(f). The Secretary employs a five-step process to determine whether a claimant is eligible for benefits within the meaning of the Act. *Young,* 957 F.2d at 389. The Seventh Circuit has described this sequential inquiry as follows:

> First, if the Claimant is currently employed, he will be found not disabled. [Second, i]f the Claimant is not working, the Secretary then examines medical evidence to determine whether the Claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the Claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the Claimant has a listed impairment, disability will be found. [Fourth, i]f the Claimant does not have a listed impairment, the Secretary then determines whether the Claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the Claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the Claimant will be found not disabled.

*Stuckey,* 881 F.2d at 508. *See also Young,* 957 F.2d at 389. The claimant has the burden of proving a disability under steps one through four. The burden then shifts to the Secretary to establish "that the claimant is capable of performing some other type of work that is available in the national economy." *Steward v. Bowen,* 858 F.2d 1295, 1297 n. 2 (7th Cir.1988) (citation omitted); *Walker v. Bowen,* 834 F.2d 635, 640 n. 3 (7th Cir.1987).

Applying the five-step procedure in this case, the ALJ determined that:

1. Caruthers met the disability insured status requirements of the Act on April 26, 1977, the date the Claimant stated he became unable to work, and continued to meet them through December, 1981.[2]

2. Caruthers had not been engaged in substantial gainful activity since the alleged onset date.

3. The medical evidence establishes that the Caruthers has mild hypertrophic cardiomyopathy, essential hypertension and diabetes, controlled by medication, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. Caruthers' allegations of chest pain upon exertion are found credible. I do not find credible allegations of visual or mental impairments.

5. Caruthers is unable to perform his past relevant work as a production clerk.

6. Caruthers has the residual functional capacity for a full range of sedentary work.

7. Caruthers is currently 51 years old, considered approaching advanced age. At the time of his application, he was 42 years of age, considered a younger individual (20 CFR 404.1563).

8. Caruthers has a high school equivalency, plus college level courses in accounting (20 CFR 404.1564).

9. Caruthers has acquired work skills, such as dispatching, clerical functions and recording and communicating information, which he demonstrated in past work, and which, considering his residual functional capacity, can be applied to meet the requirements of the semi-skilled work activities of other work (20 CFR 404.1568).

10. There are a significant number of jobs in the national economy and in the metropolitan Chicago and Houston areas which are sedentary and to which claimant's skills are transferable. Examples of such jobs are coding clerk, order clerk, appointment clerk, charge account clerk, assignment clerk and service desk clerk.

11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, section

---

**2.** The Appeals Council modified Finding Number 1 to show that the special earnings require-

ment was met through December 31, 1984, but not thereafter (R. 277).

404.1569 and Rules 201.29, 201.22 and 201.15, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. Caruthers' capacity for the full range of sedentary work has not been significantly compromised by his additional nonexertional limitations. Accordingly, using the above-cited rules as a framework for decisionmaking, the claimant is not disabled.

13. Caruthers was not under a "disability," as defined in the Act, at any time through the date of this decision (20 CFR 404.1520(f)).[3]

In so finding, the Secretary (through his designate, the ALJ, as modified by the Appeals Council) renders Mr. Caruthers ineligible to receive benefits under the Act, because his claim fails at Step 5.

## IV. Issues Presented on Review

In the present appeal, Mr. Caruthers alleges only one error of law. The sole issue before the court is whether the record contains substantial evidence to support the decision of the Secretary. 42 U.S.C. § 405(g). Although not specifically stated, the court can discern two sub-arguments in Mr. Caruthers' memorandum in support of his motion for summary judgment. They can be stated as follows: (1) substantial evidence does not support the Secretary's decision that Mr. Caruthers' impairments did not meet or equal a listed impairment; and (2) substantial evidence does not support the Secretary's decision that Mr. Caruthers could perform a significant number of jobs, notwithstanding his chest pain. The phrase "substantial evidence" is defined as "[s]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Strunk v. Heckler,* 732 F.2d 1357, 1359 (7th Cir.1984). This court must affirm the Secretary's decision "if the record contains substantial evidence to support the ALJ's findings and there has been no error of law." *Id.*

## V. Discussion

■ Mr. Caruthers was born on October 27, 1934, and at the time of the hearing before the ALJ, he was 51 years of age (R. 305). He earned his high school equivalency and completed two years of course work in accounting (R. 310). His past relevant work experience all took place at U.S. Steel. He began at U.S. Steel in 1951. In 1961 he became transportation supervisor and held that position until 1977 (R. 321–322). He alleges a disability onset date of approximately April 24, 1977, the date on which he states that he suffered a heart attack (R. 321).

The ALJ based his denial of disability on the finding that Mr. Caruthers has the residual functional capacity to perform sedentary work. The question before this court is whether that conclusion is supported by substantial evidence.

First, this court addresses whether substantial evidence supports the ALJ's finding that the claimant's impairments do not meet or equal a listed impairment. The medical evidence presented by Mr. Caruthers was extensive with opinions submitted by many different doctors. In reviewing such a plethora of medical evidence, this court bears in mind that even if this case could have gone either way, so long as substantial evidence supports the ALJ's conclusions, this court may not disturb the outcome. *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir.1989). As stated by the Supreme Court of the United States, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo,* 383 U.S. at 620, 86 S.Ct. at 1026.

Of the many doctors consulted, some recommended a finding of disability while others did not. As the Act does not contemplate degrees of disability or allow awards based on partial disability, the ALJ had to make a determination that came down wholly on one side—either disabled or not

---

**3.** The Appeals Council modified Finding Number 13 "to show that the claimant was not under a 'disability,' as defined in the Social Security Act, at any time through December 31, 1984" (R. 277).

disabled. *See, Clark v. Sullivan,* 891 F.2d 175, 177 (7th Cir.1989).

The five doctors who found Mr. Caruthers disabled described the claimant as summarized next. In a letter dated July 26, 1978, Dr. Alexander S. Williams wrote that Mr. Caruthers' disabling symptoms would keep him from being gainfully employed (R. 227). On December 17, 1981, Dr. Williams wrote, "I consider Mr. Caruthers totally disabled with symptoms of dyspnea, exertional dyspnea, exhaustion etc ..." (R. 228). A second doctor, Dr. Floyd Manley, found that "[m]yocardial infarction and heart failure and the inability to carry out a routine Stress Test sugest [sic] that this patient is still disable [sic] and is unsuitable for gainful employment" (R. 226). Dr. Hamid A. Hai, the director of the Cardiac Arrhythmia Center at Northwestern University Medical Center wrote the following on November 30, 1981:

> This is to certify that Mr. Rufus Carruthers [sic] is under my treatment for coronary artery disease, hypertension and congestive heart failure. These conditions are presently in poor control. A complete investigation and treatment program has recently been initiated. His present symptoms are sufficient to consider him disabled. To what extent we can improve him with treatment, we cannot be certain at this time.

(R. 218).

A fourth doctor, Glover O.L. Johnson, M.D., diagnosed Mr. Caruthers as suffering from congestive heart failure, cardiomyopathy, essential hypertension and recurrent anxiety depressive state (R. 497). Dr. Johnson wrote, "[i]t is our professional opinion that this patient is totally and permanently disabled from all duties of his former occupation or any other occupation" (R. 500).

The fifth doctor to describe Mr. Caruthers as disabled characterized the claimant's condition as follows:

> It is the impression of this writer that the patient is incapacitated physically and mentally: from the physical point of view the high blood pressure, the chest pains, palpitations, dyspnea (shortness of breath) on exertion, render this man unable to work, from the psychiatric point of view: he is severely depressed, does not care about himself (the fact of stopping all medications), the loss of muscle strength, loss of libido, general anxiety and intense preoccupation with his heart prevent him to function normally. He has somatic symptoms bordering on delusions, which has complicated a possible recovery rendering the patient disabled on two counts: a) his heart disease, b) his mental disorder.

(R. 244).

As indicative as the preceding evidence is of disability, other doctors did not agree with the above described diagnoses. Pursuant to the standard explained in *Consolo,* this court finds that it cannot disturb the ALJ's conclusions, because the following medical evidence does indeed provide substantial support for the ALJ's position.

Dr. Horatio Verde, a psychiatrist, determined that Mr. Caruthers suffered no hallucinations or delusions. He found that the claimant was oriented and had good recall. In his March 22, 1985 evaluation of Mr. Caruthers, Dr. Verde concluded that Mr. Caruthers had recovered satisfactorily from his previous depressive condition. Dr. Kettering also performed a psychological examination. He determined that Mr. Caruthers suffered no psychological limitations which affected his ability to do work-related activities (R. 456–458).

Dr. Randall Hile of Dr. M.L. Hirsch, Inc. performed a consultative medical examination and found Mr. Caruthers' chest pains atypical for true angina (R. 461). He also stated that the claimant did not appear dyspneic during the examination. While he recognized that Mr. Caruthers had "a large heart on exam and on EKG," Dr. Hile concluded that the claimant's history of congestive heart failure had been well compensated for (R. 461). In a medical assessment of ability to do work-related activities, Dr. Hile determined that Mr. Caruthers did not have any limitations on sitting, standing, walking or bending and could lift/carry light objects. Furthermore, he found no limitations on the environmental conditions

in which Mr. Caruthers could work (R. 464–465). Dr. Hile found that Mr. Caruthers' mental status examination was "unrevealing" (R. 465).

Dr. Fintel, testifying before the ALJ, stated that Mr. Caruthers maintained the residual functional capacity for sedentary work (R. 331). Also, based upon an echocardiogram performed on January 20, 1986, Dr. Fintel found that Mr. Caruthers' condition did not result from "failure of heart function." Instead, he determined that Mr. Caruthers suffered from mild hypertrophic cardiomyopathy, "which can be very effectively managed with oral medications such as beta-blockers and calcium-channel blockers" (R. 521–533).

■ Next, the court addresses whether substantial evidence supports the Secretary's decision that Caruthers could perform a significant number of jobs, notwithstanding his chest pain. For the following reasons, the court finds that substantial evidence does support the ALJ's finding. The vocational expert ("VE") who testified at the ALJ hearing, Ms. Grace Gianforte, reported that the number of sedentary, dispatching jobs in the Chicago area numbered 2,198 (R. 361). She also said that such jobs existed in the thousands in the Houston metropolitan area (R. 362).[4] Ms. Gianforte stated that it had been her experience that placing persons suffering from cardiomyopathy in competitive employment was difficult. However, hireability is not a factor in disability determinations.

> We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of—
>
> (1) Your inability to get work....

20 C.F.R. § 404.1566(c)(1) (1991). Also, in response to a post-hearing interrogatory, the VE stated that there are approximately 17 different kinds of occupations for a person with Mr. Caruthers' transferrable skills.

**4.** At the time of the ALJ hearing, December 11, 1985, Mr. Caruthers was living with his daugh-

### VI. Conclusion

Based on the foregoing review of the record in this case, the court finds substantial evidence to support the Secretary's finding Mr. Caruthers not disabled. Accordingly, the Secretary's judgment is AFFIRMED. Mr. Caruthers' motion for summary judgment is DENIED. SO ORDERED.